**Eugene H. CASEY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 84–1008.**

United States Court of Appeals, Federal Circuit.

Nov. 28, 1984.

Peter O. Shinevar, Bredhoff & Kaiser, Washington, D.C., argued for petitioner. With him on brief was Jeffrey R. Freund, Washington, D.C.

David Kane, Merit Systems Protection Board, Washington, D.C., argued for respondent. With him on brief were Evangeline W. Swift, General Counsel and Mary L. Jennings, Associate General Counsel for Litigation, Washington, D.C.

Before BALDWIN, SMITH, and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

The decision of the Merit Systems Protection Board (Board), Docket Number DC07528310761, dismissing the appeal of Eugene H. Casey (Casey) of his reduction in grade as being untimely filed is vacated and the case is remanded.

BACKGROUND

Casey was temporarily promoted to the position of Foreman at the Government Printing Office (agency) effective April 22, 1979, for a term not to exceed one year. This appointment, at its expiration, was extended for another twelve months and then a final extension was made for eleven days through May 2, 1981. It is undisputed that Casey was not accorded adverse action procedures when he was returned to his former position of Assistant Foreman.

On April 7, 1983, Casey wrote to the agency Director of Personnel requesting that he be given the same consideration as that extended to other employees who had

occupied positions under temporary promotions for longer than two years. In a memorandum dated May 4, 1983, received by Casey on May 6, 1983, the Director officially advised him of the adverse action procedures to which he had been entitled upon his return to his position as Assistant Foreman some two years earlier. The memorandum stated that when an employee's temporary promotion is terminated after more than two years in the position, the employee is entitled to at least thirty days advance written notice specifying the reasons for proposing the termination of the promotion, a written decision and the right to appeal the action to the Board. The memorandum further stated that the issue Casey raised was believed to be untimely, but that if he disagreed, an appeal to the Board could be filed. Casey filed an appeal on May 27, 1983, twenty-one days after receiving this memorandum.

The Board's Presiding Official dismissed the appeal as being untimely. She found that "an insufficient basis had been established for waiver of the [twenty day] time limit" imposed by 5 C.F.R. § 1201.22 because Casey showed a lack of due diligence in taking no action for two years.

## OPINION

This court has jurisdiction under 28 U.S.C. § 1295(a)(9) to hear an appeal pursuant to 5 U.S.C. § 7703(b)(1). Our standard of review is governed by 5 U.S.C. § 7703(c) providing that we shall "hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation, having been followed; or (3) unsupported by substantial evidence ...."

Casey argues that the Board's dismissal of his appeal must be reversed because of the agency's failure to inform him of the adverse action procedures at the time he was returned to his former position. Fur-

thermore, he contends that he exercised due diligence in his attempt to determine his appeal rights. He alleges that he asked two agency managers about his rights and that they misled him by informing him that he had no appeal rights. Lastly, he argues that the agency has not demonstrated that it has been prejudiced in any way by the lack of timeliness of the appeal.

It is clear that Casey was entitled to at least thirty days advance written notice of his return to his former position. 5 U.S.C. § 7513. This notice was not provided. An employee may appeal to the Board provided that a petition is filed within twenty days of the adverse action. 5 C.F.R. § 1201.22. This twenty day time limit for filing an appeal may be waived by the Board "for good cause." 5 C.F.R. § 1201.12.

In response to questioning from this court, the Board conceded that the two year delay until Casey wrote his letter on April 7, 1983, to the Director of Personnel was for good cause. It then contended that the time period for the filing of an appeal should have commenced from the time of inquiry to the agency's Director of Personnel.

▮ One of our predecessor courts recognized that the limitations period for filing an appeal was not tolled until the agency informed the employee of his appeal rights. *McCormack v. United States,* 204 Ct.Cl. 371, 380–81 (1974); *Shubinsky v. United States,* 203 Ct.Cl. 199, 204, 488 F.2d 1003, 1006 (1973). Due diligence on the employee's part once the employee learns of his adverse protection rights is the controlling factor. Based upon *McCormack* and *Shubinsky,* since the Board has conceded due diligence on Casey's part up to at least April 7, 1983, if Casey had filed within twenty days after learning of his rights, refusal to waive the twenty day filing requirement would have been an abuse of discretion.* Since the appeal was filed twenty-one days after Casey was informed of his appeal rights, the proper

---

* In *Gordy v. Merit Systems Protection Board,* 736 F.2d 1505, 1508 (1984), we stated, "The critical element in both [*McCormack* and *Shubinsky*]

..., is that the employee acted promptly and within the allowable time limits once he was aware of the basis of his claim."

question is whether Casey acted with adequate promptness to perfect his appeal upon learning of his adverse protection rights. *Gordy*, 736 F.2d at 1508. Whether Casey's action during this twenty-one day period constituted due diligence on his part was not addressed by the Board. Therefore the Board's finding that Casey was not diligent in filing his appeal is "unsupported by substantial evidence." 5 U.S.C. § 7703(c)(3).

We vacate and remand this case to the Board for its determination as to whether Casey acted timely once he received notification of his appeal rights.

The order of the Board dismissing the appeal as untimely is vacated and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.