824 F.2d 976
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francisco MARTIN-ALVAREZ, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Appeal No. 86-1492.
 United States Court of Appeals, Federal Circuit.
 April 10, 1987.
 
 Before NIES and NEWMAN, Circuit Judges, and RE, Chief Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Francisco Martin-Alvarez seeks review of two final decisions of the Merit Systems Protection Board. In Case No. NY03518610124, the board dismissed as untimely his appeal from the decision of the Department of Housing and Urban Development to demote him by reduction in force (RIF) from his position as Deputy Director, GM-14, to the position of Program Manager, GM-13. In Case No. NY03308610125, the board dismissed, for lack of jurisdiction, his appeal from the agency's denial of his asserted reemployment rights for several GM-14 positions. We affirm the board's decision with respect to no jurisdiction in Case No. NY03308610125 and vacate and remand the board's decision with respect to untimeliness in Case No. NY03518610124.
 
 OPINION
 
 2
 * The board dismissed Martin-Alvarez's appeal of the agency's denial of reemployment rights because he did not carry his burden, 5 C.F.R. Sec. 1201.56(a)(2), to show that the board has jurisdiction over the appeal. The presiding official correctly observed that the board's jurisdiction is limited to those areas specifically granted by statute or Office of Personnel Management regulation. Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983). Martin-Alvarez argues that the board knocked down a straw man in holding that it had no jurisdiction over appeals from denials of reemployment rights except those within 5 C.F.R. Sec. 330.202. He does not claim to fall within that provision. Instead, he argues that the board's jurisdiction is established because the agency's denial of his remployment rights violated the merit principles set out in 5 U.S.C. Sec. 2301 (1982) and is a prohibited personnel practice under 5 U.S.C. Sec. 2302 (1982). An allegation of a prohibited personnel practice listed in section 2302, however, does not confer jurisdiction on the board. Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (1985). Similarly, an allegation of violation of the merit principles of section 2301 does not confer jurisdiction on the board. Accord Middleton v. Department of Justice, 23 M.S.P.R. 223, 227 n. 6 (1984), aff'd, 776 F.2d 1060 (Fed.Cir.1985). Neither section is an independent source of appellate jurisdiction. Accordingly, we affirm the board's holding in Case No. NY03308610125 that it had no jurisdiction over Martin-Alvarez's appeal from the alleged denial of reemployment rights.
 
 II
 
 3
 The board found that Martin-Alvarez's appeal of his demotion as part of a general reduction in force was untimely and refused to waive the regulatory time limit because he had not shown good cause. There is no question that the appeal was not filed within the time specified in the regulations. Under 5 C.F.R. Sec. 1201.22(b) (1985), a petition for appeal must be filed not later than twenty days after the effective date of the action being appealed. The RIF was effective on September 8, 1983, and Martin-Alvarez appealed on December 13, 1985.
 
 
 4
 Good cause sufficient for waiver of the time limit is demonstrated where "the delay was excusable in light of the particular facts and attending circumstances where diligence or ordinary prudence has been exercised." Ceja v. United States, 710 F.2d 812, 814 (Fed.Cir.1983), quoting Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980). Whether the time limit for an appeal should be waived in a particular case is a matter committed to the board's discretion, and this court will not substitute its own judgment for that of the board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). However, abuse of discretion may be shown where the board fails to take into account relevant factors or misinterprets the factual predicate.
 
 
 5
 Martin-Alvarez argues that he demonstrated good cause by showing that the agency affirmatively misled him about the bona fides of the RIF as it applied to him and that he filed his appeal within twenty days after receiving "information which enabled him to become aware of the basis of his claim." He discovered that information serendipitously as a result of his Freedom of Information Act (FOIA) suit in federal district court relating to his challenge to the denial of his reemployment rights. In holding there was no basis for waiving the time limit, the presiding official reasoned as follows:
 
 
 6
 In Casey v. Merit Systems Protection Board, 748 F.2d 685, 686 (Fed.Cir.1984), the United States Court of Appeals for the Federal Circuit held that, in determining whether good cause for waiver of the time limit has been established, "due diligence on the employee's part once the employee learns of his (appeal rights) is the controlling factor. (Emphasis added). In the instant case, the agency issued a decision letter on August 8, 1983 which properly informed appellant of the time limit and place for filing a petition for appeal. Appellant's more than twenty-six month delay to pursue a FOIA claim in Federal court does not constitute sufficient justification for the delay. Nor is the delay excused by the fact that the appellant did not obtain proof of the illegality of the RIF until November 28, 1985. See Gordy v. Merit Systems Protection Board, 736 F.2d 1505 (Fed.Cir.1984); McKechnie v. United States, 648 F.2d 1300, 1303 (Ct.Cl.1981).
 
 
 7
 Slip op. at 2-3 (MSPB citations omitted). Martin-Alvarez correctly asserts that the presiding official misconstrued the asserted reason for his delay in appealing. Martin-Alvarez did not delay his appeal while attempting to find supportive evidence. Rather he asserts that he had no reason to even question the bona fides of the RIF plan which eliminated his position until he obtained information as a fallout from his suit on another matter. Thus, the question is whether he acted reasonably and prudently in not undertaking to investigate the legitimacy of the RIF as applied to him.
 
 
 8
 The government argues that Martin-Alvarez should have appealed and found out the facts through discovery. Clearly that argument misses the mark. Discovery is intended to be a tool for obtaining evidence in support of a claim which one has already pleaded with reasonable specificity. Discovery is not a fishing expedition to determine if one has any possible basis for a claim.
 
 
 9
 Since the presiding official's decision fails to take into account significant elements of petitioner's charges, we vacate the decision on the ground that it constitutes an abuse of discretion and remand for consideration of the following issues.
 
 
 10
 * The presiding official failed to consider an allegation central to Martin-Alvarez's case, namely, that the agency affirmatively misrepresented "that [the] same positions in other area offices of HUD were also being abolished and that the decision was made at the Headquarters level." Narrative Statement in Support of Appeal at 2. In other words, although the agency technically gave him a notice of his appeal rights at the time of his demotion, he alleges that his failure to exercise those rights should be excused because of the agency's deception. Further, petitioner proffered evidence which at least prima facie gives credence to his assertion of deception.
 
 
 11
 If Martin-Alvarez's factual assertions are correct, this case is similar to Shubinsky v. United States, 488 F.2d 1003 (Ct.Cl.1973). In that case, the agency's misrepresentation that the employee's veterans preference rights did not obtain persuaded the employee that an appeal would be futile. Our predecessor court, the Court of Claims, held that, despite the agency's timely notification of the employee's appeal rights, the agency's misrepresentation constituted good cause for waiver of the time limit as long as the employee "acted with adequate promptness to perfect his appeal upon learning that [his veterans preference] rights might still be available to him." 488 F.2d at 1006. In Shubinsky, our predecessor court recognized that an agency's misrepresentation of the facts on which an employee might base an appeal may be just as effective in preventing an appeal as an agency's failure to notify an employee of appeal rights. Any other conclusion would elevate form over substance.
 
 
 12
 The board has recognized this principle. In Cohen v. Department of Labor, 20 M.S.P.R. 232 (1984), the board excused an untimely filing on the ground that the employee "was misinformed by five agency employees, three in the personnel department and two supervisors, that there were no clerk-typist positions within the agency to which she could be assigned." 20 M.S.P.R. at 233. In Cohen, as here, the agency had timely provided a notice to the employee of her appeal rights. Further, the employee had failed to examine the register, from which she could have determined that she had a basis for appeal. This case appears even stronger. The agency does not assert that simply by examining the materials made available to employees in connection with the RIF, Martin-Alvarez would have had a reason to question the abolition of his position.
 
 
 13
 Where an agency has misrepresented facts so as to deter a reasonable employee from investigating the validity of the action, "the employee [must also act] promptly and within the allowable time limits once he [is] aware of the basis of his claim." See Gordy v. Merit Sys. Protection Bd., 736 F.2d 1505, 1508 (Fed.Cir.1984). Here, Martin-Alvarez acted promptly once he obtained triggering evidence. Accordingly, on remand, the open issue with respect to this basis for a waiver is whether the agency made misrepresentations to Martin-Alvarez which would have deterred a reasonable person from filing a claim.
 
 B
 
 14
 Martin-Alvarez's second basis for arguing that he demonstrated good cause is that, even apart from misrepresentation, he did not know and had no basis for even suspecting that he had a claim prior to receiving certain information through his FOIA suit. The issue raised by this assertion is one of first impression in this court. In essential respects petitioner's argument parallels one that might be made in connection with tolling a statute of limitations. In that setting, this court and its predecessor have recognized the following principles:
 
 
 15
 In certain instances the running of the statute will be suspended when an accrual date has been ascertained, but plaintiff does not know of his claim. Ignorance of rights which should be known is not enough. Plaintiff must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was "inherently unknowable" at the accrual date.
 
 
 16
 Japanese War Notes Claimants Ass'n v. United States, 373 F.2d 356, 358-59 (Ct.Cl.), cert. denied, 389 U.S. 971 (1967) (citations omitted); see also Welcker v. United States, 752 F.2d 1577, 1580 (Fed.Cir.), cert. denied, 106 S.Ct. 83 (1985). As explained in Braude v. United States, 585 F.2d 1049 (Ct.Cl.1978), the petitioner may not wait until evidence is actually at hand which proves the claim. A statute of limitation was held to have begun to run as soon as the "plaintiff acquired information and evidence which should have, and in the eyes of the law did, place her upon inquiry ... that she had a potential claim." 585 F.2d at 1054.
 
 
 17
 No precedent of this court has addressed whether good cause is shown for extending the time for filing where a party would not reasonably have had reason to question the bona fides of the RIF action as to him. Although the board has had the issue raised in at least two cases, see Smith v. U.S. Postal Serv., 26 M.S.P.R. 168 (1985); McGill v. Tennessee Valley Auth., 12 M.S.P.R. 316 (1982), the employees in those cases had not exercised diligence or ordinary prudence once they became aware that there was a basis for a claim. The board did not in those cases reach the issue of whether absence of a reasonable basis to question the adverse action, such that the employee should have become aware of or should have at least started to investigate the claim, constitutes good cause for waiver of its time limit. And for the reasons that follow, we deem it inappropriate to decide that issue at this stage of this case.
 
 
 18
 Although Martin-Alvarez has raised the issue both before the board and this court, neither the board nor the agency has ever addressed it. The board's failure to address the issue has resulted in a paucity of factual findings required to decide whether good cause for waiving the time limit exists on this ground. On remand the board must decide whether the basis for Martin-Alvarez's claim was inherently unknowable or whether he was merely ignorant of facts which, absent deception, a reasonable person would have ferreted out more quickly.
 
 
 19
 In view of the complexity of the factual issues, we direct that the board afford Martin-Alvarez the opportunity of an evidentiary hearing.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation