Diane C. **SHIFLETT**, Petitioner,

v.

**UNITED STATES POSTAL SERVICE,** Respondent.

No. 87–3391.

United States Court of Appeals, Federal Circuit.

Feb. 8, 1988.

Edward L. Hogshire, Buck, Hogshire & Gouldman, Ltd., Charlottesville, Va., argued, for petitioner.

Robert A. Reutershan, Dept. of Justice, Washington, D.C., argued, for respondent. Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Asst. Director and Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on the

brief, for respondent. Also on the brief were Stephen E. Alpern, Associate Gen. Counsel and Alice L. Covington, Office of Labor Law, U.S. Postal Service, Washington, D.C., of counsel.

Before FRIEDMAN and MAYER, Circuit Judges, and SKELTON, Senior Circuit Judge.

SKELTON, Senior Circuit Judge.

The final decision of the Merit Systems Protection Board (MSPB or Board), 33 M.S.P.R. 189, reversing the initial decision of the administrative judge, and holding that Diane C. Shiflett (petitioner) did not show good cause for waiver of time limit for filing a petition for appeal, and dismissing the appeal as untimely filed, is reversed and remanded.

Petitioner was a temporary trainee distribution clerk in the Charlottesville, Virginia, post office, when on July 14, 1978, she was removed from her position due to her inability to meet the physical demands of the position. She filed a claim for compensation benefits in June 1978, with the Office of Workers' Compensation Programs of the Department of Labor (OWCP). On June 6, 1985, the OWCP awarded her a lump sum payment covering the period from July 14, 1978, the date of her removal, to January 14, 1981, the date her physician stated she would be able to work. She orally contacted Mr. Tommy Thompson, personnel officer of the Charlottesville postal service, on May 19, 1985, and requested reinstatement. Mr. Thompson denied her request, but did not mention her appeal rights to the MSPB. On the same day she wrote a letter to Ms. Shirley McDonald, MSC/MGR Postmaster at Charlottesville asking to be reinstated. Ms. McDonald denied the request on May 19, 1985, in a letter of that date to petitioner. In her denial letter, Ms. McDonald did not mention any appeal rights available to petitioner from the decision denying her reinstatement. In particular, the decision letter did not advise petitioner of her right to appeal to the MSPB from the agency's denial of reinstatement under 5 C.F.R. § 353.308(a), nor did it give petitioner notice of her appeal rights to the Board as required by 5 C.F.R. § 1201.21. In fact, the denial letter did not in any way mention a possible appeal by petitioner nor advise her how to go about it. As discussed in detail below, this omission of duty by the United States Postal Service (respondent) was a violation of the regulations. Furthermore, the denial letter misled petitioner by telling her that she could not be reinstated more than three years after her separation on July 14, 1978.

After the respondent denied reinstatement of petitioner on May 29, 1985, petitioner, having no knowledge how to appeal the denial decision, sought help from Mr. Fred Goetz, who was the local shop steward of the American Postal Workers Union (APWU) to which petitioner belonged. Mr. Goetz, acting as the union representative of petitioner, filed a grievance for her under the applicable negotiated grievance procedure. This grievance was processed through steps one, two and three of the arbitration procedure and was denied at each step. The decision of respondent at step three of the grievance proceeding contained the following statement:

Specifically, 5 C.F.R. § 353 via the MSPB remains the appropriate means of appeal regarding reinstatement rights of an individual who has incurred an occupational illness but who is now employable. This grievance is therefore denied.

Notice of this decision in the grievance proceeding was sent to the National Business Agent of the national office of the union in another state (Parkersburg, West Virginia) on August 19, 1985, and he forwarded a copy of the decision to the Charlottesville Local APWU on September 5, 1985. The union attempted to appeal the grievance to step four, but the arbitration committee ruled that it did not have jurisdiction under the negotiated grievance procedure and dismissed the appeal. Thereafter, on April 21, 1986, petitioner filed an appeal with the MSPB from the respondent's May 29, 1985, denial of her reinstatement request. In her appeal, petitioner alleged that she had good cause for her late filing and asked the Board to waive the time limit for filing the appeal.

The case was referred to an administrative judge who found after a hearing that petitioner had shown good cause [under 5 C.F.R. § 1201.12] for waiving the time limit [of 5 C.F.R. § 1201.22(b)] for filing the petition because the agency failed to provide petitioner with any notice of her appeal rights as required by 5 C.F.R. § 353.308(a). The administrative judge reversed the decision of the agency and ordered it to make reasonable efforts to restore petitioner to a position for which she was qualified, taking into consideration her limitations as a partially recovered employee, together with back pay and benefits, if appropriate, in accordance with 5 C.F.R. § 550.805.

The respondent petitioned the full Board for review of the initial decision. The Board reversed the decision of the administrative judge, with one member dissenting. The Board held that petitioner had failed to show good cause for a waiver of the time limit for filing a petition for appeal with the Board even though the Board admitted that the agency failed to provide petitioner with any notice of her right to appeal to the Board as required by 5 C.F.R. § 353.308(a) and 5 C.F.R. § 1201.21. The main thrust of the Board's decision was that petitioner was not diligent in filing her appeal until eight months after her union representative was given a copy of the above statement in the decision in the different grievance proceeding.

There can be no question that the regulations required the respondent to give petitioner a notice in writing of her right to appeal to the Board at the time the denial decision was issued, as provided in 5 C.F.R. § 353.308(a), and further required it to comply with 5 C.F.R. § 1201.21, and to send a copy of the notice to the Board. None of these requirements were complied with by the agency. 5 C.F.R. § 353.308(a) provides:

§ 353.308 Notice of right to appeal.

(a) When an agency refuses to restore, or determines that it is not feasible to restore an employee under the provisions of law and this part, it shall notify the employee in writing of the reasons for its decision and of his or her right to appeal to the Merit Systems Protection Board under the provisions of the Board's regulations. The agency shall comply with the provisions of § 1201.21 of this title and shall forward a copy of the notice to the Board.

5 C.F.R. § 1201.21 sets forth the contents of the notice that must be given to an employee under 5 C.F.R. § 353.308(a) as to his or her appeal rights as follows:

§ 1201.21 Notice of appeal rights.

When an agency issues a decision notice to an employee on a matter appealable to the Board the agency shall provide:

(a) Notice of the time limits for appealing to the Board, the requirements of § 1201.22(c), and the address of the appropriate Board office for filing the appeal;

(b) A copy or access to a copy of the Board's regulations;

(c) A copy of the appeal form set forth in appendix I of this part;

(d) Notice of any applicable rights to a grievance procedure; and

(e) Notice of the opportunity to request the voluntary expedited appeals procedure set forth at §§ 1201.200 through 1201.222, including a description of the procedure, as set forth in the Attachment to the appeal form.

None of this information or material was given to petitioner by the agency.

The place and time for filing an appeal with the Board are set forth in 5 C.F.R. § 1201.22 as follows:

§ 1201.22 Filing of petitions for appeal and response.

(a) Place of filing. Petitions and responses shall be filed at the appropriate Board regional office. (See § 1201.4(e).)

(b) Time of filing. A petition for appeal must be filed during the period beginning with the day after the effective date of the action being appealed until not later than 20 days after the effective date. A petition for appeal from a final or reconsideration decision which does not set an effective date must be filed within 25 days of the date of the issuance

of the decision. (See § 1201.3(a), (5), (6), (7), (12), (13), (14), (15), (16), (17), and (18) of this Part for matters covered.) A response to a petition for appeal must be filed within 20 days of the date of the Board's acknowledgment order. The date of a filing by mail shall be determined by the postmark date; if no postmark date is evident on the mailing, it shall be presumed to have been mailed 5 days prior to receipt. If the filing is by personal delivery, it shall be considered filed on the date it is received in the regional office.

It will be noted that the above regulation provides, among other things, that an appeal from a final decision of an agency which does not set an effective date must be filed within 25 days of the issuance of the decision. If an effective date is contained in the decision, the appeal must be filed within 20 days of the issuance of the decision. The 25–day provision applies to the instant case, because no effective date was set forth in the agency's denial decision. Therefore, petitioner was required by the regulations to file her appeal to the Board within 25 days of the issuance of the agency's final decision on May 29, 1985. The method of computing the number of days for filing an appeal with the Board is prescribed in 5 C.F.R. § 1201.23 as follows:

§ 1201.23 Computation of time.

To compute the number of days for filing, the first day counted shall be the day after the event from which the time period begins to run, and the last day of filing shall be included in the computation. If the last day for filing falls on a Saturday, Sunday, or Federal holiday, the first working day thereafter shall be the last day for timely filing.

Example: If an employee receives a decision notice which is effective on June 1, the 20 days for filing starts to run on June 2. The filing must be made by June 21. If June 21 is a Saturday, the last day for filing would be Monday, June 23.

The petitioner did not file her appeal within the 25–day limitation period after May 29, 1985, and instead filed it on April 21, 1986. Consequently, her filing was late. She contended before the Board that she had good cause for the untimely filing, and moved the Board for a waiver of the time limit in accordance with 5 C.F.R. § 1201.22(c). The Board denied the motion and dismissed the appeal as untimely. Petitioner filed a timely appeal to this court. The only issue before us is whether the petitioner had good cause for her late filing and by reason thereof the Board abused its discretion in refusing to waive the time limit for the late filing. Both the administrative judge and the Board mistakenly considered the issue in the case to be whether or not petitioner showed good cause for "waiver of the time limit for filing her appeal;" whereas, the applicable regulation (5 C.F.R. § 1201.22(C)(1) and (2) makes it very clear that the issue is "good cause for the untimely filing." The regulation provides:

(c) Timeliness of petitions for appeal.

(1) Any party who files a petition for appeal outside a time limit set by statute, regulation, or order of a presiding official, must file with the petition a motion for waiver of the time limit. The motion must contain evidence and argument *showing good cause for the untimely filing.* Such motions may be granted or denied without providing other parties the opportunity of response, in the presiding official's discretion.

(2) If a party fails to file a motion for waiver as provided in paragraph (c)(1), the presiding official or the Board may decide on the basis of the existing record *whether there was good cause for the untimely filing* or provide the party an opportunity to show cause why the appeal should not be dismissed as untimely.

(Emphasis supplied).

While the result may be the same, there is a difference between the two issues. Good cause for an untimely filing is a question of fact which must be proven by the petitioner; whereas, a waiver of the time limit for an appeal is a matter of grace which the Board grants or denies, in the interest of justice, and in the exercise of its discretion,

considering all the facts and circumstances of the case.

The critical and controlling fact in this case is not the alleged lack of diligence on the part of the petitioner, but the flagrant violation of the regulations by the respondent in failing to give petitioner notice of her appeal rights in the form and manner prescribed by the regulations at the time the denial decision was issued on May 29, 1985, or any time thereafter.

It is well established that valid regulations have the force and effect of laws. The respondent does not contest the validity of the regulations in this case. There is no question but what respondent was required by law to comply with the regulations. This it wholly failed to do. In fact, the respondent never furnished petitioner information about her appeal rights in the form and manner required by the regulations at any time during the period from the date of the denial decision on May 29, 1985, up to the time the appeal was filed on April 21, 1986.

On page 9 of respondent's brief there appears the following statement:

As noted above, the record establishes that on May 29, 1985, the Postal Service denied petitioner's request for reinstatement. In accordance with 5 C.F.R. § 1201.22(b), Ms. Shiflett's petition for appeal should have been filed within twenty-five days of the date of that decision.

It appears by this statement that the respondent requires strict compliance with the regulations by the petitioner, while at the same time it violates the regulations with impunity. We cannot approve such a one-sided application of the law to the facts of this case.

If the respondent had complied with the regulations at the time of the denial decision by giving petitioner notice of her appeal rights as it was required to do, petitioner would have had in her possession the following information, instructions and materials:

(a) Notice that she had the right to appeal to the Board, a copy of which would have been forwarded to the Board.

(b) Notice of the time limit for appealing to the Board.

(c) The address of the appropriate Board office where the appeal could be filed, which is shown by Appendix II to 5 C.F.R. § 1201 to be Regional Director, Merit Systems Protection Board, Philadelphia Regional Office, U.S. Customhouse, Room 501, Second and Chestnut Streets, Philadelphia, Pa., 59106–2904.

(d) A copy of the Board's regulations.

(e) A copy of a printed appeal form with blanks to be filled in for an appeal to the Board, which form is shown in Appendix I, Part 1201 of 5 C.F.R. § 1201.22(c). This form contains full instructions on how to appeal to the Board.

(f) Notice that an appeal must be filed within 25 days of the date of the decision appealed from, since it does not set an effective date.

(g) Instructions how to compute the 25-day limitation period.

In our opinion, if the respondent had furnished petitioner with this information and these instructions and materials, the petitioner would have, in all likelihood, filed a timely appeal with the Board. By wrongfully failing to give petitioner a notice of her appeal rights, the respondent effectively contributed to petitioner's failure to file a timely appeal, or, perhaps, even caused such untimely filing altogether. This is so, because neither the petitioner nor her union representative had any knowledge during the 25-day limitation period, when the appeal was supposed to have been filed, that the proper procedure was to file an appeal with the Board, much less how to do it.

The respondent contends that the copy of the statement in the decision in the grievance proceeding that was furnished to the union was notice by the respondent to the petitioner of her appeal rights. We do not agree. We quote the statement again to show in detail that it was not in any way the notice respondent was required to give

to petitioner as to her appeal rights. The statement says:

Specifically, 5 C.F.R. 353 via the MSPB remains the appropriate means of appeal regarding reinstatement rights of an individual who has incurred an occupational illness but who is now employable. *This grievance is therefore denied.*

(Emphasis supplied).

This statement was not a notice from respondent to the petitioner of her appeal rights for many reasons. In the first place, it was not issued by the respondent in the instant case, but was issued as a part of its decision in the grievance proceeding, which was a different proceeding from that in the case before us. In the next place, the statement did not mention petitioner's reinstatement case. It was a general statement that was limited to the decision in the grievance case to show lack of jurisdiction of the grievance complaint. Also, the statement nowhere states that the petitioner had the right to appeal to the Board from the denial decision. Furthermore, the statement does not comply with a single provision of 5 C.F.R. § 353.308(a) and 5 C.F.R. § 1201.21 that is required to be included in a notice of appeal rights. For instance, it does not give notice to petitioner of the time limits for appealing to the Board, nor the address of the appropriate Board office for filing her appeal, nor how to compute the time within which an appeal must be filed. Furthermore, it did not attach nor enclose a copy of the Board's regulations nor a copy of the printed appeal form with instructions how to use it for an appeal. We conclude that the statement does not meet the requirements of the notice of appeal rights the respondent was required to give petitioner, and, therefore, it is insufficient as such notice.

It appears from all of these facts that the respondent wholly failed to give the required notice to petitioner of her appeal rights, either at the time of the denial decision (which it admits), or at any time thereafter up to the time she filed her appeal with the Board. This failure was not harmless error.

We hold that the failure of the respondent to give notice to petitioner of her appeal rights constituted good cause for the late filing by petitioner of her appeal. An agency must follow all applicable procedures. *See McCormack v. United States*, 204 Ct.Cl. 371 (Ct.Cl.1974); *Yuni v. MSPB*, 784 F.2d 381 (Fed.Cir.1986); *Morton v. Ruiz*, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed. 2d 270 (1974); and *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957). The holding of the Board that the petitioner failed to show good cause for her late filing was arbitrary and capricious and therefore constituted an abuse of discretion.

The respondent has spent a great deal of time in arguing that the petitioner is responsible and accountable for omissions of duty by her union representative. This argument misses the point and is unpersuasive. This is so, because the critical and controlling omission in this case was not that of the union representative, but the omission of the respondent in failing to give petitioner notice of her appeal rights as required by law.

We are mindful of the wide discretion the Board has in granting or denying a waiver of the time limit for filing an appeal. Nevertheless, in view of the violation of the regulations by the respondent in failing to give petitioner notice of her appeal rights, we conclude that the Board abused its discretion in denying petitioner a waiver of the time limit for filing her appeal.

We conclude further that under all the facts and circumstances in this case, in the interest of justice, petitioner is entitled to a hearing before the Board on the merits of her case. Accordingly, we reverse and remand the case for such hearing.

REVERSED AND REMANDED.

MAYER, Circuit Judge, dissenting.

There is no question the United States Postal Service (Service) violated 5 C.F.R. §§ 353.308 and 1201.21 when, in a May 29, 1985, letter denying Shiflett's request to be reinstated, it failed to inform her of her appeal rights to the Merit Systems Protection Board (Board). But the Board did not

hold that against her; it treated the appeal period, 5 C.F.R. § 1201.22(b), as not beginning until August 19, 1985. That was the day the national union, her authorized representative, received notice in a grievance decision that the proper appeal avenue was through the Board.

This court has set out the rule that "waiver of the time limit for appealing is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board.... Our review of Board cases in which timeliness is at issue is limited to whether the Board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion or otherwise not in accordance with law." *Rowe v. Merit Systems Protection Board,* 802 F.2d 434, 437 (Fed.Cir.1986).

In this type of case, the "critical element ... is that the employee acted promptly and within the allowable time limits once he was aware of the basis of his claim." *Gordy v. Merit Systems Protection Board,* 736 F.2d 1505, 1508 (Fed.Cir.1984); *Casey v. Merit Systems Protection Board,* 748 F.2d 685, 686 and note (Fed.Cir.1984). Notwithstanding the failure to tell Shiflett of her appeal rights, she has not met this requirement because her union representative did have notice on August 19, 1985, but she did not file an appeal with the Board until eight months later. In *Gordy,* the petitioner was apprised of his right to appeal a reclassification decision to the Office of Personnel Management or to his department. He was not told that if he considered the reclassification to be a reduction in force, the appeal should go to the Board. Thereafter, he became aware that his appeal should properly go to the Board, but did not file it for more than three months. This court confirmed that his appeal was untimely. 736 F.2d at 1508.

Because the August 19, 1985, decision sent to the national union was not sent to her local union representative, Shiflett says it did not constitute notice to her. But the record shows the national union, not just her local shop steward, was her authorized representative. Notice to the national union is sufficient to put her on notice and

commence the appeal period. *Gragg v. United States,* 717 F.2d 1343, 1346 (Fed. Cir.1983) (notice received by union official, although not petitioner's designated union representative, is equivalent to receipt by petitioner); *Johnson v. Department of Treasury,* 721 F.2d 361, 365 n. 10 (Fed.Cir. 1983); *see Link v. Wabash Railroad Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). In any event, the local union representative was aware of petitioner's appeal rights to the Board all along. On June 18, 1985, he filed a step two grievance which stated, "Appeal rights are also provided for under 5 C.F.R. 353." Not only that, but a copy of the August 19 notice was forwarded to him on September 5, 1985. So Shiflett's argument that she and her local representative were unaware of her appeal rights to the Board from "the inception of the grievance and through its progression through Step Three" is inaccurate.

"It is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Rowe,* 802 F.2d at 437; *see Link,* 370 U.S. at 633, 82 S.Ct. at 1390. In *Whitaker v. Merit Systems Protection Board,* 784 F.2d 1109, 1110 (Fed.Cir.1986), the petitioner's designated union representative elected to pursue arbitration instead of appealing to the Board and this court held the petitioner bound by the decision in spite of his contention that he had not personally chosen arbitration. "Having selected the union as his representative, the petitioner is bound by its actions." *Massingale v. Merit Systems Protection Board,* 736 F.2d 1521, 1523 (Fed.Cir.1984). In *Duncan v. Merit Systems Protection Board,* 795 F.2d 1000 (Fed.Cir.1986), a nonlawyer union representative gave the petitioner poor advice which prevented him from having a hearing on the merits of his case. But there was no relief from this result because "federal personnel are bound by the actions of their freely selected representatives or agents." *Id.* at 1003. So, too, should Shiflett be bound by her union's failure to inform her of her right to appeal. The initial failure of the Service to advise her of her rights was cured by the

August 19 notice to her representatives who need only have referred to the specific regulation cited in it for all the information needed to file the appeal.

In *Rowe,* the petitioner was told of his right to either appeal his removal to the Board within 20 days or file a grievance within 30 days. His attorney filed an appeal to the Board four days late but within the 30–day limit which applied to the grievance. The court said the petitioner was bound by the actions of his attorney in filing too late even though he had relied on him in good faith. 802 F.2d at 437. The court observed that " 'it was his head that was on the chopping block,' and not his attorney's. He had a personal duty to monitor the progress of his appeal at all times and not leave it entirely to his attorney." *Id.* at 438. The same is true here. It is unfair and encourages litigation to make exceptions to the rules that bind everyone else when for one reason or another a case strikes the court as particularly sympathetic.