PAULINE NEWMAN, Circuit Judge,
dissenting.
Jerry Gribcheck was placed on enforced leave by the Postal Service, and was never informed by the Postal Service that a new adverse action had been taken against him or of his appeal rights. The administrative judge of the MSPB correctly recognized the requirement that an agency provide notice of appeal rights when it takes an adverse action. The panel majority rules that notice was not required, of either the appeal rights or that an adverse action was taken. That is not the law. It is unworkable to develop a new rule of “constructive adverse action” whereby the employee’s statutory time for appeal is expiring although he has no notice that the time is running. I respectfully dissent.
DISCUSSION
The events leading to this appeal generally start with a fitness-for-duty examination conducted by Otto Kausch, M.D., in 2000, at a time when Mr. Gribcheck had been on enforced leave since March 27, 1999 for refusing to submit to an earlier fitness-for-duty reexamination. Dr. Kausch, in this third fitness examination, advised against returning Mr. Gribcheck to the same work environment but suggested that he be placed in a less stressful environment wherein he would work with different peers and supervisors. The agency then offered Mr. Gribcheck several possible placements, and he selected one on Aug. 31, 2000. A month later, the agency presented Mr. Gribcheck with a formal written agreement placing him in the position he had selected, but imposing other conditions on his return to work, such as continuing psychotherapy and waiver of all grievances, discrimination complaints, and appeals to the Board. Mr. Gribcheck refused to accept the proposed agreement. He eventually returned to work at the Postal Service in December 2002, without signing the proffered agreement.
On December 11, 2002, shortly before his return to work, Mr. Gribcheck filed the appeal to the Board that is now before us. *364 He argued that the agency had improperly kept him from work during the period from March 1999 until the time of the appeal. He argued that Dr. Kausch’s report established his fitness for duty and that the agency had been obligated to return him to duty promptly upon its receipt. The administrative judge (AJ) agreed, ruling that when an employee is placed on enforced leave, the agency is required to return the employee to duty immediately upon learning that the basis for the enforced leave no longer exists, citing Mercer v. Department of Health and Human Services, 772 F.2d 856, 858 (Fed.Cir.1985). Thus, the AJ reasoned, Mr. Gribcheck’s enforced leave ended with Dr. Kausch’s report. The AJ ruled that the agency’s failure to return him to duty constituted a constructive suspension. Since the agency had not provided Mr. Gribcheck with the requisite advance written notice of this adverse action, or an opportunity to respond before the agency took adverse action, the AJ reversed the agency action and ordered reinstatement as of the date of Dr. Kausch’s report.
The full Board granted the government’s petition for review. The Board agreed with the AJ that the agency should have returned Mr. Gribcheck to duty when it had sufficient information to determine that he was fit for duty, and held that the agency made this determination “in July 2000.” However, the Board also held that Mr. Gribcheck should have filed his appeal within thirty days of the agency’s internal determination that he was fit for duty. Thus the Board dismissed Mr. Gribcheck’s appeal for untimely filing. The panel majority agrees.
The propriety of the agency’s decision to place Mr. Gribcheck on enforced leave when he refused to submit to a third fitness-for-duty examination is not before us. The AJ and the full Board ruled that by continuing Mr. Gribcheck in enforced leave after this third examination, the agency had taken a new adverse action giving rise to fresh appeal rights; that ruling is not disputed by the agency. The Board acknowledged that the agency gave Mr. Gribcheck no notice that it was engaging in another adverse action or of his rights to appeal. The panel majority does not assign error to these findings. Nonetheless, the court now holds that Mr. Gribcheck was required to file an appeal as if he had been given the required notice, on the court’s theory that he should have known that the enforced leave might not end within the month. I cannot agree that this is, or should be, the law. It is fundamentally unfair to permit “constructive” adverse actions, with no necessity of notice, yet starting the thirty-day deadline. Thirty days is an extraordinarily short period of limitations, whose justification is the explicit requirement that the agency must provide notice to the employee when taking adverse action against him.
Mr. Gribcheck had been engaged in a dispute with the agency over his fitness for duty since at least February of 1998, when the agency insisted that he be examined by a psychiatrist. He had made repeated efforts to convince the agency that he was fit for duty throughout this period without success, yet is now charged with knowing, within thirty days, the date upon which the agency changed its mind and concluded he was fit for duty. He is charged with the thirty-day deadline although the agency remained silent. Even the Board did not specify the date of the agency’s adverse action any more precisely than “in July 2000.” Indeed, the panel majority concedes that “the exact date of the Agency’s adverse action — or rather its inaction in failing to restore Gribcheck to duty — is somewhat elusive,” yet the court charges Mr. Gribcheck with knowledge of the agency’s silent mindset.
*365 It is to avoid such bizarre results that agencies are required to provide written notice of adverse actions and the accompanying appeal rights and deadlines. See 5 C.F.R. § 1201.21.[1] Only after the employee is notified of his appeal rights does the duty arise to pursue them timely and diligently. Precedent uniformly so holds. See, e.g., Shiflett v. United States Postal Service, 839 F.2d 669, 674 (Fed.Cir.1988) (“We hold that the failure of the respondent to give notice to petitioner of her appeal rights constituted good cause for the late filing by petitioner of her appeal. An agency must follow all applicable procedures.”); Casey v. Merit Systems Protection Board, 748 F.2d 685, 687 (Fed.Cir.1984) (“We vacate and remand this case to the Board for its determination as to whether Casey acted timely once he received notification of his appeal rights.”); Carroll v. United States Postal Service, 87 M.S.P.R. 570, 573 (2001) (excusing an eight year late filing because “the agency failed to meet its obligation to provide a notice of appeal rights”). In this case, not only was Mr. Gribcheck never notified of his appeal rights, but he was never notified that an adverse action was taken.
The Board acknowledged that Mr. Gribcheck had not been notified that an adverse action had been taken or of his rights to appeal, but casually dismissed the notice requirement, stating that “[a]l-though the appellant received no specific notice of the requirement that he appeal in a timely fashion after the agency determined not to end the enforced leave, he was well aware of the Board’s appeal process, having participated in it very recently.” The panel majority agrees: “the Board correctly determined that Gribcheck knew of the Board’s thirty day appeal deadlines from his multiple prior appeals.” Maj. Op. at-. The majority thus suggests that it was unnecessary to notify Mr. Gribcheck that an adverse action had been taken against him, because he had previously filed appeals in other actions. By statute and regulation and fundamental fairness, he was entitled to notice that there had been an adverse action, and the right to appeal. He cannot be charged with constructive notice of the thirty-day appeal period, unless he knew that he had been acted against on an appealable issue. From the court’s contrary ruling, I respectfully dissent.

. 5 C.F.R. § 1201.21 Notice of appeal rights.
When an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee with the following:
(a) Notice of the time limits for appealing to the Board, the requirements of § 1201.22(c), and the address of the appropriate Board office for filing the appeal;
(b) A copy, or access to a copy, of the Board’s regulations;
(c) A copy of the appeal form in Appendix I of this part; and
(d) Notice of any right the employee has to file a grievance, including:
(1) Whether the election of any applicable grievance procedure will result in waiver of the employee’s right to file an appeal with the Board;
(2) Whether both an appeal to the Board and a grievance may be filed on the same matter and, if so, the circumstances under which proceeding with one will preclude proceeding with the other, and specific notice that filing a grievance will not extend the time limit for filing an appeal with the Board; and
(3) Whether there is any right to request Board review of a final decision on a grievance in accordance with § 1201.154(d).