# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DOMINGO J. ARIAS,<br>        Appellant, | DOCKET NUMBER<br>SF-0752-19-0383-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: April 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Domingo J. Arias, Stockton, California, pro se.

Philip R. Ingram, San Diego, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant filed a petition for review of the initial decision dismissing his involuntary resignation appeal for lack of jurisdiction. Petition for Review (PFR) File, Tab 1 at 7-11, 13-14. Because the petition for review appeared to be untimely filed by at least 3 months, the Office of the Clerk of the Board issued an acknowledgment letter informing the appellant that his petition for review was untimely and that he must submit a "Motion to Accept Filing as Timely or to Waive Time Limit" either by an affidavit or a statement signed under penalty of perjury. PFR File, Tab 2 at 1-3. A blank sample motion was attached to the acknowledgment letter. *Id.* at 7-8. The acknowledgment letter informed the appellant that he must show good cause for the Board to waive his untimeliness and instructed him on how to do so. *Id.* at 2, 7.

The appellant filed a motion to waive the filing time limit and included a number of additional attachments. PFR File, Tab 3. In response, the agency filed a motion to strike the appellant's timeliness filing, arguing that the motion to waive the filing time limit was, itself, untimely, or in the alternative, requested leave to file a response to the petition for review, arguing that its response timeline has lapsed due to the appellant's delay. PFR File, Tab 4 at 4-6.

**DISCUSSION OF ARGUMENTS ON REVIEW**

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). Here, the initial decision stated that it would become final on July 11, 2019, unless a petition for review was filed by that date. Initial Appeal File, Tab 6, Initial Decision (ID) at 6. The appellant does not allege that he did not receive the initial decision or that he received it more than 5 days after it was issued, and in fact appears to

acknowledge that he received it on June 6, 2019. PFR File, Tab 3 at 51. The appellant's petition for review was sent by facsimile to the Western Regional Office on October 11, 2019, and was referred to the Office of the Clerk of the Board on October 15, 2019. PFR File, Tab 1 at 2, Tab 2 at 1. Therefore, the appellant's petition for review was filed at least 3 months late.

The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

We conclude that the appellant has failed to show good cause for a waiver of the filing deadline. Even considering the appellant's pro se status, his 3-month delay in filing his petition for review is not minimal. *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 8 (2010) (concluding that an 11-day delay is not minimal); *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's 14-day, unexplained delay in filing a petition for review); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003) (noting that a 13-day delay in filing is not minimal). Additionally, as discussed below, the appellant has not presented evidence of due diligence or the existence of circumstances beyond his control that affected his ability to file his petition.

In his motion to waive the petition for review filing time limit, the appellant stated that he is suffering from financial hardship and a number of illnesses that hampered his ability to timely file his petition for review, including depression, anxiety, stress, sleeplessness, decreased motivation, and medical issues, and provided a number of depression self-assessment tests and questionnaires. PFR File, Tab 3 at 8-13, 51-52. As previously noted, the Board will find good cause for waiver of its filing time limits where a party demonstrates that he suffered from an illness that affected his ability to file on time. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The Office of the Clerk of the Board's notice informed the appellant of the requirements for doing so. PFR File, Tab 2 at 7 n.1.

However, the appellant's vague assertions of health problems do not constitute good cause for his untimely filing, because he has not explained how his health problems prevented him from filing a timely petition for review. *See Trachtenberg v. Department of Defense*, 104 M.S.P.R. 640, ¶ 10 (2007) (finding no good cause for an untimely petition for review because the appellant failed to show that she suffered from a medical condition that affected her at the time of the filing deadline or during the entire period of the delay); *Coleman v. U.S. Postal Service*, 91 M.S.P.R. 469, ¶ 10 (2002) (same). The appellant did not submit any medical evidence to support his assertion that his delay in filing his petition for review was caused by any of his identified conditions. *See Lacy*, 78 M.S.P.R. at 437. Moreover, while the appellant's personal circumstances may have been stressful or emotionally upsetting, he has not submitted any corroborating evidence to show that his distress was of such a magnitude to justify the 3-month delay in filing his petition for review. *See Cunningham v. Department of Transportation*, 35 M.S.P.R. 674, 677-78 (1987) (finding that, in the absence of corroborating evidence, an appellant's allegation that he was emotionally upset was insufficient to establish good cause for a 1-month filing delay). Regarding the appellant's assertion that he suffered from financial

hardship and is not represented by an attorney, the Board has determined that an allegation of difficult financial circumstances and an inability to afford an attorney do not excuse an untimely filing. PFR File, Tab 1 at 13, Tab 3 at 52; *see Melville v. Department of the Air Force*, 99 M.S.P.R. 233, ¶ 7 (2005); *Alston v. Department of the Treasury*, 95 M.S.P.R. 460, ¶ 7 (2004); *Wright v. Railroad Retirement Board*, 76 M.S.P.R. 330, 332 (1997).

Accordingly, we conclude that the appellant has failed to show that he exercised due diligence or ordinary prudence in this case that would warrant a finding of good cause for the delay in filing his petition for review.[2] *See Shiflett v. U.S. Postal Service*, 839 F.2d 669, 670-74 (Fed. Cir. 1988) (noting that the Board may grant or deny the waiver of a time limit for filing an appeal, in the

---

[2] The Office of the Clerk of the Board set November 6, 2019, as the deadline for the appellant's motion. PFR File, Tab 2 at 2. Because the appellant's petition for review did not provide any proof that a copy of the filing was served on the agency, the Clerk's Office informed the appellant that it would serve a copy of the petition for review on the agency on that occasion but warned that future filings must be served on the agency and the Board. *Id.* at 1-2; *see* 5 C.F.R. § 1201.114(j) (instructing that a party submitting a pleading must serve a copy of it on each party and on each representative); 5 C.F.R. § 1201.26(b)(2) (providing that a certificate of service stating how and when service was made must accompany each pleading served by a party). The appellant filed his motion to waive the filing time limit on the Board by commercial overnight delivery on November 6, 2019. PFR File, Tab 3 at 56-57; *see* 5 C.F.R. § 1201.4(i) (noting that the date of filing by commercial overnight delivery "is the date the document was delivered to the commercial overnight delivery service"). With his filing, the appellant included a certificate of service dated October 30, 2019, affirming that he served the filing on the agency via U.S. Mail and Fax/electronic mail. PFR File, Tab 3 at 55. In its motion to strike, the agency asserts that the appellant did not send the motion to waive the filing time limit until November 13, 2019—a week after the November 6, 2019 deadline identified in the acknowledgement letter. PFR File, Tab 4 at 5, Tab 2 at 2. With its motion to strike, the agency includes what appears to be a copy of the postal mail label for the filing it received with a postmark date of November 13, 2019. PFR File, Tab 4 at 7. Consequently, based on the current record, it is unclear whether the appellant's motion was timely filed pursuant to the instructions in the Board's October 22, 2019 acknowledgment letter. Nevertheless, we have considered the appellant's motion, and we still find that he has failed to establish that the time limit should be waived for good cause, for the reasons previously discussed. Because we have dismissed the petition for review as untimely filed without good cause shown for the delay, we deny the agency's motion to strike or for leave to file a response to the petition for review. *Id.* at 4-6.

interest of justice, after considering all the facts and circumstances of a particular case).

Consequently, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's involuntary resignation appeal.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] In his petition for review the appellant also appears to argue that new and material evidence exists that warrants reopening his appeal, and provides a number of documents with his petition, including a privacy act authorization and waiver addressed to the Office of Workers Compensation Program, a denial of benefits determination from the state of California, a copy of a check from the U.S. Postal Service, an equal employment opportunity (EEO) right to file letter from his former employing agency, an alternative dispute resolution summary report, an Equal Employment Opportunity Commission acknowledgement letter, and a letter dismissing a second formal EEO complaint that was filed by the appellant after he was separated from the U.S. Postal Service. PFR File, Tab 1 at 3, 5, 29; Tab 3 at 6, 20-22, 28, 31-35. Aside from the second formal EEO complaint dismissal letter, all of the remaining documents are dated prior to the close of record in this case, and therefore, they are not "new." *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). The second EEO complaint dismissal is dated June 17, 2019, which is after the June 6, 2019 initial decision in this case, so the document is "new." PFR File, Tab 3 at 35; ID at 1. However, the appellant has not explained how the formal EEO complaint dismissal is "material" to the jurisdictional question at issue in this case. *Okello*, 112 M.S.P.R. 563, ¶ 10. Accordingly, we have not considered any of the documents the appellant has provided with his petition for review.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   **(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

   Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

   Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


FOR THE BOARD:                      _____

                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.