57 F.3d 1083
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 David R. HOLLOWAY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3181.
 United States Court of Appeals, Federal Circuit.
 May 11, 1995.
 
 Before ARCHER, Chief Judge, RICH, and LOURIE, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 David R. Holloway (petitioner) seeks review of the November 23, 1994 Opinion and Order (order) of the Merit Systems Protection Board (Board), Docket No. CH-0353-92-0333-I-1, dismissing as untimely his March 14, 1994 petition for review of the May 21, 1992 Initial Decision (ID) which dismissed for lack of jurisdiction petitioner's appeal from the Department of Veterans Affairs (agency) alleged failure to restore him to duty following a compensable injury. We vacate and remand.
 
 DISCUSSION
 
 2
 Petitioner was employed by the agency on March 25, 1990 in the position of Quality Control Specialist. His employment was subject to a one year probationary period. During the probationary period, on March 7, 1991, the agency issued petitioner a notice stating that it had determined to terminate him effective March 21, 1991.
 
 
 3
 Petitioner appealed the agency's decision[1] contending that on March 5, 1991, he sustained a work-related injury and that he was improperly terminated based on this injury. The ID of the Board's Administrative Judge (AJ) dismissed the appeal for lack of jurisdiction based on the Office of Worker's Compensation Programs' (OWCP) April 28, 1992 rejection of petitioner's claim that he had sustained a compensable injury. The AJ reasoned that no restoration rights could flow from a non-compensable injury. The ID became final on June 25, 1992.
 
 
 4
 On November 1, 1993, OWCP reversed its decision and found that petitioner had sustained a compensable injury. On March 14, 1994, petitioner requested that the Board reopen his dismissed appeal contending that the Board now had jurisdiction.
 
 
 5
 Petitioner's request was treated as a petition for review of the ID. A notice was issued to petitioner advising him that his request was untimely and affording him an opportunity to show good cause for its untimeliness. Petitioner responded by asserting only that he had "recently received new evidence" in the form of the OWCP decision and that because that decision was made after the June 25, 1992 filing deadline he was not able to submit it at that time.
 
 
 6
 In its order, the Board dismissed petitioner's petition for review as untimely stating that petitioner "has not stated when he received OWCP's November 1, 1993 decision or explained why he filed his petition for review over four months after the OWCP hearing representative issued the decision." The Board, with one member dissenting, also declined to exercise its authority to reopen and reconsider the ID. The Board relied on "the appellant's failure to demonstrate that he exercised due diligence in submitting the change in OWCP's position to the Board."
 
 
 7
 Pursuant to regulation, petitioner had 35 days, until June 25, 1992, from issuance of the ID to seek review. 5 C.F.R. Sec. 1201.114(d) (1993). The Board may waive the time limit for filing a petition for review upon a showing of good cause for the delay. 5 C.F.R. Sec. 1201.114(f) (1993). Good cause may be proved by a showing that petitioner exercised due diligence or ordinary prudence under the circumstances of the particular case. Shiflett v. United States Postal Serv., 839 F.2d 669, 672 (Fed. Cir. 1988).
 
 
 8
 In this case, the Board considered that OWCP did not reverse its earlier decision until November 1, 1993, apparently recognizing that there was no basis to reconsider the dismissal until then. The Board, however, concluded that petitioner had not shown good cause for his greater than four month delay in seeking review after the issuance of the OWCP 1993 decision.
 
 
 9
 Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:
 
 
 10
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 11
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 12
 (3) unsupported by substantial evidence.
 
 
 13
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 14
 This court will not substitute its own judgment for that of the Board when the Board reasonably exercises its broad discretion in deciding whether or not to waive a regulatory time limit for filing an appeal. See Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (in banc). Under the foregoing circumstances, we cannot say that the Board erred in dismissing petitioner's appeal on the basis that he had failed to establish good cause for his delay in seeking review of the ID.
 
 
 15
 The Board also declined to reopen and reconsider the ID. See 5 U.S.C. Sec. 7701(e)(1)(B) (1988); 5 C.F.R. Sec. 1201.117 (1989). Although the Board found that the 1993 OWCP decision constituted new and material evidence which could materially affect petitioner's right to restoration and could otherwise qualify as "unusual circumstances," the Board concluded that petitioner's "failure to demonstrate that he exercised due diligence in submitting the change in OWCP's position to the Board distinguishes this case from prior cases in which the Board has reopened final decisions." The Board also stated that circumstances such as mistake, fraud, concealment, or misrepresentation by the defendant could justify reopening a final decision even where the petitioner has not exercised due diligence and ordinary prudence. However, the Board concluded that none of those circumstances were present in this case.
 
 
 16
 One Board member dissented from the decision not to reopen, stating that as the Board has authority to reopen an appeal when no petition for review is filed, "it may certainly reopen an appeal when a petition for review or a request for reopening is based on new evidence that may materially affect an appellant's substantive rights, notwithstanding an apparent failure by the appellant to act with 'reasonable diligence' upon becoming aware of the new evidence." The dissenting Board member further reasoned that reopening would be appropriate here because the jurisdiction of the Board is implicated. That is, the 1993 OWCP decision finding a compensable injury "vitiates the sole basis on which the administrative judge dismissed this appeal for lack of jurisdiction." Finally, the dissenting Board member stated that reopening was appropriate here because "the public interest in reaching what ultimately appears to be the correct result for Mr. Holloway outweighs the desirability of adjudicatory finality."
 
 
 17
 This court has previously stated that a party has a "heavy burden" in attempting to demonstrate that the full Board improperly failed to reopen or reconsider a case under section 1201.117. Azarkhish v. Office of Personnel Management, 915 F.2d 675, 679 (Fed. Cir. 1990). We review the Board's decision not to reopen and reconsider a final decision under an abuse of discretion standard. Id. at 680.
 
 
 18
 "Whenever a question concerning administrative ... reconsideration arises, two opposing policies immediately demand recognition: the desirability of finality, on the one hand, and the public interest in reaching what, ultimately, appears to be the right result on the other." Civil Aeronautics Bd. v. Delta Air Lines, Inc., 367 U.S. 316, 321 (1961).
 
 
 19
 In this case, it appears that the Board did consider the public interest in reaching the right result and found this factor to weigh in petitioner's favor. Indeed, the Board found that "the 1993 OWCP decision constitutes new evidence that may materially affect the appellant's right to restoration." From its decision, it is not altogether clear whether the Board considered the desirability of finality, although the Board noted that the agency did not respond to petitioner's petition for review and therefore apparently did not assert its desirability for finality or that it would be prejudiced in any way should petitioner's appeal proceed. See Welber v. United States Postal Serv., 62 M.S.P.R. 98, 100 n.3 (M.S.P.B. 1994).
 
 
 20
 In determining not to reopen this case, the Board primarily focussed on petitioner's lack of diligence in bringing the 1993 OWCP decision to the attention of the Board. Thus, for the very same reason the Board determined not to waive the 35 day time limit, petitioner's failure to exercise due diligence, the Board concluded that it would not reopen this appeal. We see that to have been an abuse of discretion.
 
 
 21
 The "new evidence" in this case, the OWCP reversal, provides the Board with jurisdiction over petitioner's appeal, allowing petitioner's case to finally be heard on the merits. This is not a case where a party seeks to have the merits of his appeal reconsidered. Here petitioner never made it out of the gate. Moreover, had the OWCP reached the "right result" initially and found that petitioner had sustained a compensable injury, petitioner's appeal would have proceeded. To deny petitioner the opportunity to have his case heard on the merits, given the "unusual circumstances" the Board found to be present here, where his delay indeed can be measured "in weeks, not years" would be unreasonable. Accordingly, we vacate the decision of the Board and remand for a determination consistent with this opinion.
 
 COSTS
 
 22
 Each party shall bear its own costs.
 
 
 
 [1]
 Although petitioner was a probationary employee, he could appeal the denial of restoration rights based on a compensable injury. Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed. Cir. 1987); 5 C.F.R. Secs. 353.103(b) (1988) and 353.401(c) (1988)