NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3404

FRANCIS X. COAKLEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  June 24, 2005

_____

Before MICHEL, Chief Judge, LOURIE, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Francis X. Coakley was a civilian employee of the Department of the Navy, serving as a crew member on the USNS Pecos, which supported the USS Kitty Hawk Battle Group.  Civilian employees of the Navy with support functions equivalent to those of deployable military personnel are subject to the same immunization requirements as military personnel.  The Navy ordered all crew members of the Pecos to have an HIV test performed by the ship's medical services officer ("MSO") as a precursor for a required smallpox vaccination.  Based on his reservations regarding the MSO's competence and discretion, Mr. Coakley refused to allow the MSO to administer the HIV

test.  Mr. Coakley spoke to the ship's captain, who was medically certified, and asked him to administer the test.  After conferring with his supervisors, the captain proposed removing Mr. Coakley from his position for refusing to take the HIV test and smallpox vaccination as ordered.

Mr. Coakley responded to the proposed removal by alleging several incidents of misdiagnosis involving the MSO that in his view showed that the MSO was incompetent.  Mr. Coakley also alleged that the MSO did not have adequate training and that the MSO had told him the vaccinations were voluntary.  After considering Mr. Coakley's response, the Navy removed him from his position for refusing to follow orders.  According to an affidavit Mr. Coakley filed during this litigation, the Navy advised him in late April 2003 that he would shortly be receiving a decision letter removing him from his position.  Mr. Coakley decided to appeal the removal decision to the Merit Systems Protection Board, and on the recommendation of another crew member he retained Steven R. Lewis to handle his appeal.

According to Mr. Coakley, Mr. Lewis represented that he was a lawyer and the director of the Family Legal Center in San Diego.  The two agreed on a fee of $150 per hour for Mr. Lewis's services, and Mr. Coakley paid Mr. Lewis a retainer of $1500.  On April 29, 2003, Mr. Coakley received the notice of removal from the Navy, which was dated April 28, 2003, and which designated May 2, 2003, as the effective date of his removal.  The letter advised Mr. Coakley that if he elected to appeal his removal to the Merit Systems Protection Board he should file his appeal with the Board within 30 calendar days of the effective date of his removal.  Although the letter stated that an appeal form was attached, there was no attachment to the letter that Mr. Coakley

received at that time. On May 1, in response to Mr. Coakley's inquiry, the Navy provided Mr. Coakley with the attachments, which consisted of copies of the Merit Systems Protection Board regulations and an outdated appeal form that indicated he had only 20 calendar days within which to file his appeal. Mr. Coakley met with Mr. Lewis on that date and provided those materials to him during their meeting.

Mr. Coakley stated in his affidavit that shortly after retaining Mr. Lewis, Mr. Coakley "looked him up on the website of the California State Bar Association, but did not find him listed there." Mr. Coakley asked Mr. Lewis about the absence of any listing in his name, and Mr. Lewis again assured Mr. Coakley that he was a lawyer and said that many lawyers in California did not belong to the state bar association.

Mr. Lewis advised the Navy that he was representing Mr. Coakley and requested a copy of the decision letter. According to Mr. Coakley, after Mr. Lewis received the letter on May 7, 2003, he told Mr. Coakley that he had 30 calendar days from that date to file an appeal with the Merit Systems Protection Board, because the 30-day appeal period began to run when Mr. Coakley's representative received the letter, as opposed to when Mr. Coakley received the letter. Mr. Coakley asserted in his affidavit that he contacted Mr. Lewis by telephone regularly to inquire about the progress of his appeal, including every other day during the two weeks prior to June 5, 2003, the date when Mr. Lewis filed the appeal.

On June 16, 2003, the administrative judge who was assigned to the case ordered Mr. Coakley to show cause why his appeal should not be dismissed on the ground that his petition was filed three days late (i.e., more than 30 days after the effective date of Mr. Coakley's removal). Mr. Lewis prepared a response filed on June

27, 2003, in which he asserted that the petition was timely filed. Mr. Lewis contended that he had contacted the Navy and "was led to believe by the agency" that the 30-day appeal period commenced the day after he received the notice of removal in his capacity as Mr. Coakley's representative. He also argued that the Board's regulations were unclear as to whether the 30-day time period for appeal commences when the employee receives a copy of the removal notice or when the employee's representative receives a copy of the decision letter. The Navy responded that the regulation was clear that the 30-day appeal period began to run as of the effective date of Mr. Coakley's removal, that Mr. Coakley was bound by the actions of his chosen representative, and that there was no evidence that Mr. Coakley "was thwarted in the prosecution of his appeal, by his representative."

On July 28, 2003, the administrative judge dismissed Mr. Coakley's appeal as untimely. The administrative judge found that the appeal was filed more than 30 days after the notice of removal was given to Mr. Coakley and after the effective date of his removal. It was thus was out of time under 5 C.F.R. § 1201.22(b), which requires that an appeal be filed "no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." The administrative judge noted that although the Navy had provided Mr. Coakley with an outdated and erroneous appeal form, the decision letter had correctly advised him that his appeal was due for filing within 30 days of May 2, 2003, the effective date of his removal. With respect to Mr. Lewis's claim that a Navy employee relations specialist had told him that the 30-day appeal period did not begin to run until Mr. Lewis received a copy of the removal notice, the administrative judge concluded

that Mr. Lewis's "broad and nonspecific allegation" regarding the representations of the agency official "is outweighed by the sworn statement from [the Navy employee relations specialist] that she discussed the applicable time limits with [Mr. Lewis] and that she never represented the deadline to differ in any way from that specifically provided in the agency's decision letter." Finally, the administrative judge stated that an appellant is generally responsible for the actions of his chosen representative and that delays caused by a representative will not constitute good cause to excuse a filing delay. The administrative judge noted that the Board "has recognized a limited exception to this rule for cases where an appellant proves that he actively monitored the progress of his appeal but that his diligent efforts to prosecute his case were thwarted by the deception and negligence of his representative." The administrative judge added, however, that "[n]o such arguments were made here" regarding the applicability of the exception.

According to Mr. Coakley, Mr. Lewis failed to provide him with a copy of the administrative judge's opinion, despite repeated requests. Mr. Coakley ultimately obtained a copy of the decision from the Washington office of the Merit Systems Protection Board. At that time, Mr. Coakley hired new counsel, who has represented him since then. Mr. Coakley's new counsel investigated Mr. Lewis's status and discovered no listing in the Martindale-Hubbell directory in San Diego for Steven R. Lewis and found no Steven R. Lewis listed with the State Bar of California as being licensed to practice law in California and having an office in San Diego. When counsel contacted Mr. Lewis directly and asked if he was an attorney, Mr. Lewis admitted that he was not.

04-3404                                              5

Mr. Coakley's new counsel then filed a petition for review with the full Board, supported by his own affidavit and one from Mr. Coakley. In the petition, counsel argued that the appeal was timely, based on the fact that Mr. Coakley was initially given an outdated and incorrect appeal form. In addition, he argued that the Board should excuse the late filing or remand the case to the administrative judge for further proceedings on the issue of timeliness. Counsel noted that the period of delay was short and argued that the circumstances established good cause for the delay. He acknowledged that the declarations relating to Mr. Lewis's status and his representations to Mr. Coakley were not before the administrative judge, but argued that the Board should take that evidence into account in determining whether to grant the petition since that evidence was not available to Mr. Coakley prior to the administrative judge's decision. Counsel argued that Mr. Coakley's reliance on Mr. Lewis's representations about his status as an attorney and his representations as to the due date of the appeal were reasonable and therefore constituted good cause for the filing delay. The Board, however, denied the petition for review, stating without elaboration that "there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome."

I

Mr. Coakley first argues that his appeal was timely because it was filed within 30 days of the date on which his representative received the correct appeal form and the Board regulations, which were required to be provided to Mr. Coakley under 5 C.F.R. § 1201.21. The administrative judge determined that Mr. Coakley was apprised of the 30-day deadline in the decision letter and that he "failed to establish how the lack of the

Board's regulations or the outdated appeal form impeded his ability to timely file his appeal." Although the administrative judge appears to have believed that Mr. Coakley did not receive a copy of the Board's regulations until May 7, 2003, Mr. Coakley stated in his affidavit that he received a copy of the Board's regulations on May 1, 2003, along with the outdated appeal form. It is unclear from Mr. Coakley's affidavit whether the Board regulations provided to him on May 1, 2003, were current or outdated.

Mr. Coakley relies on Shifflett v. United States Postal Service, 839 F.2d 669 (Fed. Cir. 1988), for the proposition that the Navy was required to provide him with the updated appeal form and a copy of the regulations before the 30-day time period for filing an appeal could begin. Shifflett, however, does not support his argument. In Shifflett, the employee was not provided with notice of her right to appeal to the Merit Systems Protection Board, the time within which an appeal had to be filed, or the place where such a filing should be made. In this case, by contrast, the decision letter informed Mr. Coakley of all three. Although the outdated appeal form that was given to Mr. Coakley indicated that he had only 20 days within which to file an appeal, that information could not have prejudiced him by inducing him to miss the longer, 30-day appeal period set forth in the decision letter. There was nothing in the materials given to Mr. Coakley that could have led him to believe that the period for filing an appeal was greater than 30 days. The error in the appeal form is therefore not a sufficient basis on which to hold that the June 5, 2003, filing was timely.

II

Mr. Coakley next argues that he established good cause for waiving the time limit for filing his appeal under 5 C.F.R. §§ 1201.12 and 1201.22(c), and that the Board

abused its discretion when it did not waive the time limit in his case. Section 1201.12 states that "[a] judge may, for good cause shown, waive a Board regulation unless a statute requires application of the regulation." Section 1201.22(c) states that "[i]f a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown," and "[t]he judge will provide the party an opportunity to show why the appeal should not be dismissed as untimely."

A

The administrative judge held that Mr. Coakley did not show good cause for filing his appeal late. The only grounds for good cause cited in the memorandum filed by Mr. Lewis on Mr. Coakley's behalf were (1) the outdated appeal form, which the administrative judge found nonprejudicial, and (2) Mr. Lewis's claim that an agency representative had misled him as to the due date of the appeal, which the administrative judge did not credit. The administrative judge noted that Mr. Lewis did not argue in his memorandum that Mr. Coakley's case fell within the category of cases in which the appellant proves that he has actually monitored the progress of his appeal but that his diligent efforts were thwarted by the deception and negligence of his representative. The failure to make that argument is hardly surprising, in that it was Mr. Lewis who prepared and filed that memorandum. In any event, that argument and the evidence subsequently submitted in support of it were not before the administrative judge. Accordingly, based on the record at the time of the initial decision, it was not error for the administrative judge to deny Mr. Coakley's request to waive the 30-day appeal period.

B

It is a different matter, however, as to whether the full Board abused its discretion when it failed to grant Mr. Coakley's petition for review in response to the submission filed by his new counsel. The Board's regulations authorize it to grant a petition for review when it is established that new and material evidence is available that, despite due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d)(1). We have held that the Board abuses its discretion if it denies a petition for review even though the petitioner submits new and material evidence that was not available earlier in the proceeding despite the petitioner's exercise of due diligence. See Wright v. United States Postal Serv., 183 F.3d 1328, 1332 (Fed. Cir. 1999). Based on the evidence that Mr. Lewis had deceived Mr. Coakley as to his status as an attorney and that Mr. Coakley had repeatedly endeavored to ensure that Mr. Lewis would file the appeal on time, we conclude that the evidence submitted by Mr. Coakley with his petition for review was newly discovered and that it was material to the issue of timeliness.

First, the evidence presented to the Board was newly discovered. Assuming Mr. Coakley's affidavit to be true—and there was no evidence submitted by the agency to contradict Mr. Coakley's allegations—the information regarding Mr. Lewis's status was not known to Mr. Coakley at the time of the administrative judge's decision. Nor was it unreasonable for Mr. Coakley not to have discovered that information. According to Mr. Coakley, Mr. Lewis repeatedly assured him that he was an attorney, and even though Mr. Coakley conducted his own investigation of the matter, Mr. Lewis gave a plausible

explanation for the absence of his name on the list of attorneys maintained by the state bar association.

Second, the evidence presented to the Board was material to the issue of timeliness. In analyzing whether good cause has been shown for an untimely filing, this court and the Board have focused on (1) the length of the delay, (2) whether the appellant was notified of the time limit or was otherwise aware of it, (3) whether there were factors beyond the appellant's control that affected his ability to comply with the time limits, (4) the degree to which negligence by the appellant has been shown to be present, and (5) the nature of the prejudice to the agency that would result from waiver of the time limit. See Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994); Alonzo v. Dep't of the Air Force, 4 M.S.P.R. 180 (1980). In this case, the period of delay was very short; there has been no showing (or even any claim) of prejudice to the agency; and the new evidence is relevant to two of the other Walls factors. The evidence bears on whether Mr. Coakley was in any way negligent in allowing his appeal to be filed late, and on whether Mr. Lewis's conduct, including his misrepresentations as to his status as an attorney, constituted actions outside of Mr. Coakley's control that affected his ability to comply with the time limit.

It was not unreasonable for Mr. Coakley to credit Mr. Lewis's repeated insistence that the 30-day appeal period ran from the date that Mr. Lewis received the decision letter with the correct enclosures, which was May 7, 2003. Although the decision letter stated that the appeal would be due within 30 days of the effective date of Mr. Coakley's removal, the Board's regulations state that the appeal is due within 30 days of the effective date of the action being appealed, "or 30 days after the date of receipt of the

04-3404                                    10

agency's decision, whichever is later." 5 C.F.R. § 1201.22(b). The regulation does not specify receipt by the employee, as opposed to his representative, and although the Board has construed the term "receipt" to refer to receipt by the employee, that construction would not necessarily be clear to a layman, particularly if his representative, putatively an attorney, insisted that the term "receipt" referred to receipt by the representative of a complete package consisting of the decision letter, the Board regulations, and a correct appeal form.

For that reason, we reject the Board's argument on appeal that Mr. Lewis's status as a nonlawyer did not prevent Mr. Coakley "from fulfilling his responsibility to file his appeal in a timely manner." While a person in Mr. Coakley's position might be skeptical of a nonlawyer's representation that the Board's rules mean that the 30-day period runs from "receipt" by the employee's representative, it is hardly unreasonable for a layman to accept the representation, by a person purporting to be a lawyer, that the Board's rules are construed in that fashion.

Although the Board and this court have frequently held that an employee is normally responsible for errors committed by his chosen representative, see, e.g., Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986), that principle is subject to an exception for cases in which the employee has diligently pursued his appeal rights and has lost those rights because of deception or negligence by his attorney. In Dunbar v. Department of the Navy, 43 M.S.P.R. 640, 643-44 (1990), for example, after an administrative judge dismissed Mr. Dunbar's appeal for untimeliness, the full Board granted the petition for review. The Board then held that "it is inappropriate to apply the principle that an attorney's actions should be attributed to his client when the client has

proven that his diligent efforts to prosecute the suit were, without his knowledge, thwarted by his attorney's deceptions and negligence."[1] Dunbar, 43 M.S.P.R. at 644. The Board noted that Mr. Dunbar had made several telephone calls to his representative's law office to inquire about the status of his appeal and to remind him that the deadline was approaching, and he had even appeared at his representative's office in an unsuccessful attempt to mail the appeal himself on the day it was due. Id. The representative's secretary failed to mail the appeal after being instructed at least twice by the representative to do so. Id. at 642. The Board found that because Mr. Dunbar was diligent in monitoring the progress of his case, he had shown good cause for the untimeliness of his appeal. Id. at 645. Accordingly, the Board reversed the initial decision and remanded the case to the administrative judge to address the merits of Mr. Dunbar's appeal. Id.

The facts here are analogous to those of Dunbar. In this case, Mr. Coakley stated in his affidavit that he was deceived by his representative and that he diligently monitored the progress of his appeal. He explained that he "thought [Mr. Lewis] was a licensed attorney and that [he] could rely on his advice" regarding the deadline for filing his appeal. He also stated that, like Mr. Dunbar, he made numerous telephone calls to Mr. Lewis regarding the progress of his appeal and that he called every other day during

---

[1] See also Sullivan v. Office of Pers. Mgmt., 88 M.S.P.R. 499, 502 (2001) (deadline waived for appellant who diligently pursued his appeal but was deceived by his attorney); Davenport v. United States Postal Serv., 97 M.S.P.R. 417, 420 (2004) (appellant is not bound by her representative's actions if her diligent efforts were "thwarted, without her knowledge by her representative's deceptions and negligence"); Murphy v. Dep't of the Treasury, 91 M.S.P.R. 239, 243 (2002) (client is not accountable for his attorney's actions when "his attorney failed to file the petition despite the appellant's diligent efforts to prosecute his appeal").

the two weeks prior to the filing of the appeal to remind Mr. Lewis of the impending deadline. Additionally, as was the case in Dunbar, Mr. Coakley signed the appeal form well before the June 2, 2003, deadline. Based on the facts of record at this point, Mr. Coakley's case would thus appear to qualify for consideration under the recognized exception to the general rule that an employee is charged with the litigation decisions made by his chosen counsel.

Because the evidence submitted in connection with the petition for review was newly discovered and was material in light of the Board's precedent in Dunbar and similar cases, we hold that the Board abused its discretion when it denied Mr. Coakley's petition for review on the ground that it did not contain new and material evidence. Of course, the Board has not yet determined whether the allegations in Mr. Coakley's affidavit and that of his new counsel are true, and whether there are other factors bearing on the timeliness issue that would lead the Board to determine that Mr. Coakley has failed to demonstrate good cause for the three-day filing delay. For present purposes, however, we agree with Mr. Coakley that he has made a sufficient showing to be entitled to have the Board consider his evidence bearing on the good cause issue. We therefore reverse the Board's decision denying the petition for review and remand to the Board for further consideration of the issue of good cause for the untimely filing of the appeal.