**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL L. TOMCZAK,<br>Appellant, | DOCKET NUMBER<br>CH-0353-13-0138-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: September 30, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sandra G. Radtke, Esquire, Milwaukee, Wisconsin, for the appellant.

Maryl R. Rosen, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Member Robbins issues a separate concurring opinion.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and FIND that he established jurisdiction over his restoration appeal and that the agency committed disability discrimination against him.

## BACKGROUND

Factual background not in dispute.

¶2     The following information, as summarized in the initial decision, is not in dispute:  the agency hired the appellant as a Letter Carrier.  He suffered a compensable, work-related injury in 1990.  As a result, the appellant could not perform the essential duties of the Letter Carrier position.  Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 2.

¶3     In May 1993, the agency offered, and the appellant accepted, a "Permanent Job Offer" that listed 10 specific job tasks that were within his medical restrictions.  ID at 3; IAF, Tab 10, Subtab 4NN.  In July 2010, the agency notified the appellant that it was unable to identify any available necessary tasks within his medical restrictions and sent him home.  The appellant's grievance of that action was resolved on January 12, 2012, in a pre-arbitration settlement agreement pursuant to which the appellant returned to work with full back pay and restoration of benefits.  ID at 3-4.

¶4     On March 5, 2012, the agency sent the appellant home again and advised him not to report for duty until notified that the agency had identified available necessary tasks within his medical restrictions.  The appellant's grievance of that action was resolved by a settlement agreement under which he would be made whole for all lost wages and benefits and would be restored to work.  ID at 5.

¶5     The appellant filed an appeal with the Board on November 21, 2012.  IAF, Tab 1.  The agency created a modified, limited-duty assignment for the appellant, and he returned to work in that assignment on May 10, 2013.  ID at 6.

¶6     Because of the resolution of the appellant's first grievance, this appeal concerns the appellant's absence from work from March 5, 2012, to May 11, 2013.  ID at 6.

The administrative judge concluded that the appellant failed to establish jurisdiction and that the appeal was moot.

¶7        The administrative judge, in his initial decision, concluded that the appellant failed to establish jurisdiction and that the appeal was moot, reasoning as follows:  a case is moot when an appellant has obtained all the relief he could receive if he prevailed in the appeal.  An appeal is not moot, however, if the Board could grant some additional relief, such as compensatory damages based on a discrimination claim.  ID at 7.

¶8        Under *Bennett v. U.S. Postal Service*, 118 M.S.P.R. 271, ¶ 10 (2012), compensatory damages are not awardable for disability discrimination if the appellant cannot perform the essential functions of his official position.  ID at 7. The appellant's official position is Letter Carrier, not the modified job offer he held for 17 years.  Because the appellant cannot perform the essential duties of a Letter Carrier with or without accommodation, he is not entitled to compensatory damages.  ID at 8.

¶9        Because denying the appellant the modified work assignment he held for 17 years does not constitute disability discrimination, this act was not arbitrary and capricious.  To that end, the instant case is distinguishable from *Crutch v. U.S. Postal Service*, 119 M.S.P.R. 460 (2013), where the Board found that the agency constructively suspended Crutch and committed disability discrimination by refusing to let him return to work with the same reasonable accommodation he enjoyed for approximately 10 years because Crutch was able to perform the essential duties of his official position with a reasonable accommodation.  ID at 9-10.

¶10       Relying on *White v. U.S. Postal Service*, 110 M.S.P.R. 461, ¶ 10 (2009), the administrative judge concluded that the agency cannot be found to have acted arbitrarily and capriciously because the appellant conceded that he received

Office of Workers' Compensation Programs payments covering the entire period in question.

¶11    In his petition for review, the appellant contends that that the administrative judge erred in relying on *Bennett* for the proposition that he could not establish that the agency committed disability discrimination.  He argues that the position he accepted in 1993 is the relevant one for purposes of considering whether he suffered disability discrimination.  Petition for Review (PFR) File, Tab 1.[2]  The agency has timely responded.  PFR File, Tab 5.

## ANALYSIS

### The appellant established good cause for the untimely filing of his appeal.

¶12    This appeal was filed on November 21, 2012, well after the denial of restoration at issue in this case.  IAF, Tab 1.  Based on his determination that the Board was without jurisdiction to hear the case, the administrative judge stated that he need not address the agency's motion to dismiss the appeal as untimely.  Because we determine, as discussed below, that the administrative judge erred in dismissing the appeal for lack of jurisdiction, we must address the timeliness issue.

¶13    The Board's regulations require that an appeal be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).  The regulations also require that, when an agency issues a decision to an employee on a matter that is appealable to the Board, the agency must provide the employee with notice of the time limits for appealing to the Board, the requirements of § 1201.22(c) (that an untimely-filed appeal will be

---

[2] The appellant cites two guidance documents issued by the Equal Employment Opportunity Commission (EEOC) in support of this contention:  *Enforcement Guidance:  Workers' Compensation and the ADA*; and a *Technical Assistance Manual on the Employment Provisions of the Americans with Disabilities Act*.  PFR File, Tab 1 at 5, 7-8, 11-19.

dismissed as untimely filed unless a good reason for the delay is shown), the address of the appropriate Board office for filing the appeal, and a copy, or access to a copy, of the Board's regulations. 5 C.F.R. § 1201.21. It was undisputed that the agency did not provide the appellant notice that he could file an appeal with the Board when it terminated the limited-duty job he had performed for more than 17 years.

¶14 An agency's failure to notify an employee of his or her Board appeal rights when such notification is required generally constitutes good cause for late filing. As our reviewing court has stated, the "critical and controlled fact in [such a] case is not the alleged lack of diligence on the part of the [appellant], but the flagrant violation of [the Board's] regulations by the [agency] in failing to give [the appellant] notice of [his] appeal rights in the form and manner described by the regulations . . . ." *Shiflett v. U.S. Postal Service*, 839 F.2d 669, 673 (Fed. Cir. 1988). When the agency fails to provide the required notice of appeal rights, the appellant is not required to show that he exercised due diligence in attempting to discover his appeal rights but rather must show diligence in filing an appeal after learning that he could do so. *Gingrich v. U.S. Postal Service*, 67 M.S.P.R. 583, 588 (1995). These principles are fully applicable to restoration appeals under 5 C.F.R. Part 353. *See Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶¶ 8-14 (2007).

¶15 The appellant stated under oath that he did not understand that he might have appeal rights to the Board until the first week of November 2012, when his union provided him a copy of an October 24, 2012 Opinion and Order issued by the Board in what appeared to be a similar case. IAF, Tab 6 (the appellant's affidavit) at ¶ 40. In arguing that the appeal should be dismissed as untimely, the agency relied particularly on a Notice of Right to File Mixed Complaint it provided the appellant in November 2010. IAF, Tab 10 at 17 (of 23); Tab 6, Exhibit (Exh.) 8. That Notice informed him that he had a right to appeal to the

Board "if the matter that you brought to my attention during the pre-complaint process concerned a failure to restore you to duty following your recovery from a compensable on-the-job injury, or if you claim that you were not properly restored to duty."  IAF, Tab 6, Exh. 8.

¶16    The use of the term "recovery," without any qualifier such as "partially," as well as the phrase "not properly restored," easily could have been construed as indicating that the appellant only had appeal rights to the Board if he had fully recovered from a compensable injury.  *See Zysk v. U.S. Postal Service*, 108 M.S.P.R. 520, ¶ 6 (2008) (only employees who have fully recovered from a compensable injury have the right to appeal an improper restoration).  The November 2010 Notice did not inform the appellant that he had the right to file a restoration appeal with the Board as an individual who has partially recovered from a compensable injury.  Nor did it provide a notice of appeal rights "in the form and manner described by the [Board's] regulations."  *Shiflett*, 839 F.2d at 673.  We also acknowledge the appellant's assertions that he understood that, as long as he was included in a class action discrimination case pending before the EEOC, he could not file an appeal with the Board, and he was never advised otherwise.  IAF, Tab 6 (the appellant's affidavit) at ¶¶ 43-46.

¶17    Under the above circumstances, we find that the appellant established good cause for his delay in filing this appeal.

The appellant established that the Board has jurisdiction over his restoration appeal and that the agency committed disability discrimination.

¶18    It is well settled that a claim for disability discrimination will not lie if the employee cannot perform the essential duties of his position or the duties of a vacant position to which he could be reassigned.  *See, e.g.*, *Bennett*, 118 M.S.P.R. 271, ¶ 10; *White v. U.S. Postal Service*, 117 M.S.P.R. 244, ¶ 16 (2012); *Pugh v. U.S. Postal Service*, 81 M.S.P.R. 313, ¶ 14 (1999).  It is also well established that the provision of limited-duty tasks that do not constitute a separate position is not

a reasonable accommodation and an agency is not required to create a new position in order to provide a reasonable accommodation. *See, e.g.*, *Bennett*, 118 M.S.P.R. 271, ¶ 10; *White*, 117 M.S.P.R. 244, ¶ 16; *Gonzalez-Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 13 (2010).

¶19     However, the appellant is claiming that the position he held from May 1993 until July 2010 pursuant to the agency's May 1993 "Permanent Job Offer" was not a temporary limited-duty assignment but was his established position within the U.S. Postal Service.

¶20     Although the agency was not legally obligated in 1993 to create a permanent position to accommodate the appellant's medical restrictions, it nevertheless did so. The agency's own language, "Permanent Job Offer," was and is not ambiguous. Previously the Board, in rejecting appellants' claims that the U.S. Postal Service acted arbitrarily and capriciously by discontinuing limited-duty assignments afforded employees who had partially recovered from compensable injuries, specifically noted that the record did not indicate that the agency ever formally reassigned the appellant to a permanent limited-duty position. *See White*, 117 M.S.P.R. 244, ¶ 17; *Gonzalez-Acosta*, 113 M.S.P.R. 277, ¶ 13.

¶21     We note that providing the appellant a permanent limited-duty position was consistent with the agency's Employee and Labor Relations Manual (ELM), which provides as follows:

> The procedures for current employees cover both limited duty and rehabilitation assignments. Limited duty assignments are provided to employees during the recovery process when the effects of the injury are considered temporary. A rehabilitation assignment is provided when the effects of the injury are considered permanent and/or the employee has reached maximum medical improvement. Persons in permanent rehabilitation positions have the same rights to pursue promotional and advancement opportunities as other employees.

ELM § 546.141.

¶22    The Permanent Job Offer the appellant accepted in May 1993 was clearly a permanent rehabilitation position of the sort described in the ELM.[3]  Accordingly, we conclude that, for purposes of determining whether the agency acted arbitrarily and capriciously in sending the appellant home in 2010 by failing to accommodate his medical restrictions, the relevant analysis should focus on the agency's May 1993 Permanent Job Offer.  There is no dispute that the appellant was able to perform the duties of this permanent rehabilitation position when those duties were taken away from him in 2010.  The agency was entitled to take away those duties only if the duties of that assignment no longer needed to be performed by anyone or those duties needed to be transferred to other employees in order to provide them with sufficient work.  *See Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 31 (2012).  The appellant has asserted under oath that the duties he performed in his permanent limited-duty position still exist and are being performed by others.  IAF, Tab 6 (the appellant's affidavit) at ¶ 36; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, 359 (2012).  The agency has not disputed or rebutted that assertion.

¶23    In failing to consider a reasonable accommodation with the appellant, the agency committed disability discrimination against him.  *See Crutch*, 119 M.S.P.R. 460, ¶¶ 13-17.  This also means that the agency arbitrarily and capriciously denied the appellant restoration.  *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 11 (2012) (establishing a disability discrimination claim is an alternative means of proving that a denial of arbitration was arbitrary and capricious); *Latham*, 117 M.S.P.R. 400, ¶ 58 n.27 (same).

¶24    Ordinarily, when the Board finds that an agency has arbitrarily and capriciously denied an appellant restoration, it orders the agency to take

---

[3] The appellant's acceptance of this Permanent Job Offer was memorialized on a U.S. Postal Service Form 50, effective date June 12, 1993, that contains the following notation:  "EMPLOYEE ACCEPTED A PERMANENT JOB OFFER DUE TO AN ON THE JOB INJURY."  IAF, Tab 6, Exh. 6.

appropriate remedial action, such as retroactively reinstating the appellant to duty with back pay and benefits. *See, e.g.*, *Davis*, 119 M.S.P.R. 22, ¶ 19; *Coles v. U.S. Postal Service*, 118 M.S.P.R. 249, ¶ 12 (2012); *Ashley v. U.S. Postal Service*, 118 M.S.P.R. 231, ¶ 11 (2012). In this case, however, it is undisputed that the appellant has received the pay and benefits for the period at issue, and the appeal would have been dismissed as moot but for the possibility that he could receive compensatory damages if it were determined that the agency had committed disability discrimination. Consequently, we now provide the appellant with notice of what he must do in order to seek such damages, as well as to seek attorney fees.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your compensatory damages, including pecuniary losses, future pecuniary losses, and nonpecuniary losses, such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. To be paid, you must meet the requirements set out

at 42 U.S.C. § 1981a. The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204. If you believe you meet these requirements, you must file a motion for compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

<u>CONCURRING OPINION OF MEMBER MARK A. ROBBINS</u>

in

*Michael L. Tomczak v. United States Postal Service*
MSPB Docket No. CH-0353-13-0138-I-1

¶1        I concur with the disposition of this case.  The Board's decision in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), decided prior to my appointment to the Board, is controlling in the present matter insofar as the Board will hold the United States Postal Service (USPS) to the terms and conditions it has negotiated and/or voluntarily adopted in its Employee and Labor Relations Manual (ELM).  I write separately, however, to express my long held and often stated concern at the scope of the Board's *Latham* holding, particularly when applied to agencies such as the USPS that are facing potentially existential fiscal, structural and management challenges.

¶2        Historically, the USPS has, either through negotiation or voluntarily, extended to its employees substantive and procedural rights greater than what is required by law or regulation.  Under favorable circumstances, agencies may wish to extend entitlements beyond the required minimum to employees.  But when circumstances turn unfavorable, the agency should be allowed to respond appropriately.  I have long warned that an unintended consequence of *Latham* may well be an institutional reluctance on the part of agencies to extend entitlements to employees beyond the legal or regulatory minimum, even when they have the ability to do so.

¶3        In the instant case, the ELM and all the documentary evidence makes very clear that the appellant accepted a new position with the USPS through the permanent job offer of May 1993.  It is from that position, not the position he originally occupied, that our reasonable accommodation analysis must proceed.

_____
Mark A. Robbins
Member