## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MELVIN L. COSELY SR.,
   Appellant,

  v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER
DE-0752-24-0402-I-1

DATE:  April 3, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Melvin L. Cosely Sr</u>., North Chesterfield, Virginia, pro se.

<u>Leah S. Serrano</u>, Washington, D.C., for the agency.

<u>April Emerson</u> and <u>Larry F. Estrada</u>, Los Angeles, California,
 for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant has filed a petition for review, in which he suggests that his 2017 removal decision did not give him notice of his Board appeal rights and that should serve as good cause for his over 1,500-day delay in filing his appeal. Petition for Review (PFR) File, Tab 4 at 8-10. When an agency is required to notify an individual of his Board appeal rights, but fails to do so, the agency's failure may constitute good cause for a filing delay. *See Shiflett v. U.S. Postal Service*, 839 F.2d 669, 674 (Fed. Cir. 1988); *Powell v. Office of Personnel Management*, 114 M.S.P.R. 580, ¶ 11 (2010). However, here the appellant stated that he received a copy of his 2017 removal decision on April 24, 2020, as an attachment to the agency's motion for summary judgement in an unrelated equal employment opportunity (EEO) case. Initial Appeal File (IAF), Tab 16 at 12. The removal decision included the requisite notice of the appellant's right to challenge his removal through the EEO process, a grievance, or a direct appeal to the Board and that choosing one of these options might preclude the others. IAF, Tab 12 at 78-79. Thus, the appellant has not shown that he was not provided sufficient notice of his Board appeal rights to constitute good cause for his filing delay.

On review, the appellant also suggests that the Board has jurisdiction over his removal as an IRA appeal and that the appeal is a timely-filed mixed case appeal. PFR File, Tab 4 at 6, 10-19, 26-27. However, the Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with the Office of Special Counsel (OSC). *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. Here, the appellant has not alleged or provided evidence that he has filed a whistleblower reprisal complaint with OSC over his removal; instead, he asserted that it was inapplicable to his appeal. IAF, Tab 1 at 3. Thus, we lack jurisdiction over an IRA appeal of the appellant's removal.

Similarly, we find no merit to the appellant's suggestion on review that his removal appeal should be considered timely filed as a mixed case appeal. PFR File, Tab 4 at 10-19, 26-27. When an employee alleges that he was subjected to an otherwise appealable adverse action that can be the subject of a negotiated grievance procedure, and claims that action was based on EEO discrimination or reprisal, the employee may choose among the following: (1) the negotiated grievance procedure; (2) a Board appeal; or (3) a formal EEO complaint. 5 U.S.C. § 7121(d); *Galloway v. Social Security Administration*, 111 M.S.P.R. 78, ¶ 14 (2009). Whichever is filed first is deemed a binding election to proceed in that forum. *Carey v. Department of the Interior*, 103 M.S.P.R. 534, ¶ 11 (2006). If the employee elects to file a formal EEO complaint, he may file a Board appeal, as applicable here, within 30 days after receiving the agency's final agency decision. 5 U.S.C. § 7702(a)(2); *see* 5 C.F.R. §§ 1201.151(a)(1), 1201.154(b)(1). Such an appeal is known as a mixed case, and the Board will adjudicate both the underlying appealable action and the discrimination claims. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 12, 14. However, here the appellant's 2017 removal was not an accepted claim in any of the following EEO complaints that he has identified in his submissions: (1) Agency No. ARCELA13JAN00281, EEOC No. 540-2014-00146X, IAF, Tab 6 at 745-46, 859-860; *Norman V. v. Department of the Army*, EEOC Appeal No.

540-2014-00146X, 2022 WL 3715651 at *1, 5 (Aug. 11, 2022); (2) Agency Nos. ARCEME15JUL02656, ARCEME16AUG02930, and ARCEME15AUG03169, EEOC No. 570-2017-01084X, IAF, Tab 6 at 442-45; *Alberto P. v. Department of the Army*, EEOC No. 570-2017-01084X, 2022 WL 1632279 at *1-3 (May 9, 2022); (3) Agency No. ARCELA11APR01606; *Cosely v. Department of the Army*, MSPB Docket No. DE-0752-25-0073-I-1, Initial Appeal File, Tab 6 at 54-57; or (4) Agency No. ARCEME19OCT04479, EEOC No. 570-2025-00086X; *Cosely v. Department of the Army*, MSPB Docket No. DE-3330-25-0129-I-1, Initial Appeal File, Tab 8 at 258. Thus, because the appellant did not challenge his 2017 removal in his prior EEO complaints, he has not shown that his appeal is timely as a mixed case appeal.[2] Accordingly, we affirm the initial decision dismissing the appeal as untimely filed.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

[2] On review, the appellant also argues that the initial decision did not consider his demotion based on the reclassification of his position to a lower grade in 2012, a denial of retained grade and pay, a denial of a within-grade increase, and a "change to a vacancy announcement." PFR File, Tab 4 at 17-20. Because those personnel actions are addressed in our final decision in *Cosely v. Department of the Army*, MSPB Docket No. DE-0752-25-0073-I-1, we do not consider them further here.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

                                      Gina K. Grippando<br>
                                      Clerk of the Board

Washington, D.C.