## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THERESA M GARNER,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-844E-24-0368-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE:  April 28, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Theresa M Garner, Detroit, Michigan, pro se.

Eva Ukkola, Keyanta Dandridge, and Alison Pastor, Washington, D.C.,
　for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of an alleged error by the Office of Personnel Management (OPM) in calculating her Federal Employees' Retirement System (FERS) disability retirement annuity.  For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Since January 12, 2017, the appellant has been receiving a disability retirement annuity under FERS. Initial Appeal File (IAF), Tab 1 at 6. According to correspondence from OPM, which the appellant submitted with her initial appeal, the appellant has inquired about OPM's calculation of her annuity on numerous occasions. *Id.* at 14. For instance, on July 11, 2018, OPM allegedly submitted a response to the appellant's inquiry, which concerned how OPM calculated her high-3 average salary.[2] *Id.* On October 18, 2018, OPM allegedly sent a follow-up letter confirming that the information previously provided was accurate and notifying the appellant of her right to request reconsideration. *Id.*

On February 19, 2020, OPM allegedly sent the appellant correspondence determining that the appellant's disability annuity began on January 12, 2017, which was the same day her disability began, and this letter is also alleged to have notified the appellant of her right to request reconsideration. *Id.* at 8. On March 3, 2020, OPM allegedly sent a final decision letter to the appellant concerning the date her disability annuity began. *Id.* at 14. On February 11, 2021, OPM sent the appellant an initial decision via email, which summarized the July 11, 2018, October 18, 2018, and March 3, 2020 decisions. *Id.* The email also stated that OPM had no record of the appellant requesting reconsideration and notified her of her right to request reconsideration. *Id.* On March 17, 2021, OPM sent the appellant another letter responding to her inquiry regarding OPM's calculation of

---

[2] As will be discussed elsewhere in this decision, much of the correspondence between the appellant and OPM over the years is not included in the record before us. Instead, some is merely discussed in subsequent correspondence from OPM. For example, the July 11, 2018 letter from OPM to the appellant is not included in the record, but it is discussed in a February 11, 2021 letter from OPM to the appellant. This is why our discussion is less than definitive about some OPM letters.

her annuity and enclosing an explanation of her FERS disability annuity computation and a high-3 average salary analysis. *Id.* at 8-13. It did not notify the appellant of her right to request reconsideration. *Id.*

More recently, on February 6, 2024, OPM sent the appellant a letter in response to the appellant's inquiry regarding her service with the Department of Commerce from October 18, 2010, to June 27, 2015, which OPM alleged was covered under a Federal Insurance Contributions Act (FICA) temporary appointment and was therefore not creditable service under FERS and was not used to calculate her annuity. IAF, Tab 4 at 10. The letter made no reference to OPM's prior correspondence with the appellant and did not notify the appellant of her right to request reconsideration. *Id.* On March 20, 2024, OPM sent the appellant another letter responding to her inquiry concerning her annuity calculation and provided her with the calculation of her annuity. IAF, Tab 1 at 6-7. The letter did not notify the appellant of her right to request reconsideration. *Id.*

On May 10, 2024, the appellant filed this appeal challenging OPM's calculation of her disability retirement annuity under FERS. IAF, Tab 1. Because there was a question as to whether the appellant's appeal was timely filed, the administrative judge issued an order instructing the appellant to show why the appeal should not be dismissed as untimely. IAF, Tab 3. In response, the appellant submitted the above-referenced February 6, 2024 letter from OPM, which she alleged contained new and inaccurate information concerning OPM's calculation of her annuity. IAF, Tab 4 at 6, 10. She argued that the information OPM relied on in its calculation was incorrect because her service with the Department of Commerce during that period was not covered under FICA, was in a permanent position, and ended on September 4, 2016.[3] *Id.* at 8, 10; IAF, Tab 23 at 6-8. She submitted a Standard Form 50 (SF-50) indicating that her resignation from the Department of

---

[3] The appellant's assertion that this service ended on September 4, 2016, appears to be a typographical error based on other evidence the appellant submitted showing that her service ended on September 14, 2016. *See, e.g.*, IAF Tab 4 at 12-13.

Commerce was effective September 14, 2016, and that she held a permanent position, worked an intermittent schedule, and was under a FICA retirement plan. IAF, Tab 4 at 13. She also alleged that OPM had not considered that she had a dual appointment with the Department of Commerce, Bureau of the Census and the Department of Labor, Bureau of Labor Statistics. *Id.* at 6, 8, 10; IAF, Tab 23 at 6-8. Lastly, she alleged that OPM did not notify her of her right to request reconsideration in its February 6, 2024 letter and refused to issue her a reconsideration decision despite her multiple requests that it do so and correct the errors in her annuity calculation. IAF, Tab 4 at 6.

The administrative judge then issued an order to show cause advising the appellant that there was a question of whether the Board had jurisdiction over the appeal and that the Board's jurisdiction is limited to a review of OPM's final or reconsideration decision. IAF, Tab 25. The appellant responded. IAF, Tab 26. On November 1, 2024, the appellant filed a motion to compel the agency's responses to her May 11, 2024 discovery requests. IAF, Tab 34. Then, on November 7, 2024, the appellant filed a motion to withdraw her appeal without prejudice. IAF, Tab 36.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 1, Tab 37, Initial Decision (ID) at 2, 4. He reasoned that the appellant had not alleged or provided evidence that she had requested reconsideration of OPM's calculation of her FERS disability annuity benefit or that OPM had issued a final decision on the issue. ID at 2-4. Accordingly, he denied the appellant's motion to withdraw her appeal as moot and did not address the timeliness issue. ID at 1 n.1, 5 n.4. The administrative judge did not address the appellant's arguments concerning OPM's February 6, 2024 letter.

The appellant has filed a petition for review rearguing that the Board has jurisdiction over her appeal because OPM's February 6, 2024 letter contained new information concerning OPM's calculation of her annuity and did not afford her notice of her right to request a reconsideration decision and that OPM has refused

to issue a final or reconsideration decision. Petition for Review (PFR) File, Tab 1 at 4-6. For the first time, she alleges that, on April 8, 2024, she requested reconsideration from OPM and submits an incomplete copy of a reconsideration request along with a fax confirmation showing that it was faxed to OPM on April 8, 2024. PFR File, Tabs 3-9. She also argues that the administrative judge abused his discretion when he dismissed the appeal instead of granting her motion to withdraw the appeal and when he failed to address her pending motion to compel discovery. PFR File, Tab 1 at 8. OPM has responded, and the appellant has replied. PFR File, Tabs 22, 23, 28.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge did not abuse his discretion.

On review, the appellant argues that the administrative judge abused his discretion and "withheld discovery" when he dismissed the appeal while her motion to compel the agency's discovery responses was pending. PFR File, Tab 1 at 8. An appellant is entitled to request discovery of relevant materials to assist her in meeting the burden of establishing jurisdiction. *See Russo v. Department of the Navy*, 85 M.S.P.R. 12, ¶ 8 (1999). Here, the record shows that the appellant requested discovery from the agency on May 16, 2024, within the time limits set by

---

[4] During the pendency of the petition for review, the appellant filed two motions for leave to submit transcripts of recordings and a copy of OPM's final or reconsideration decision, which she suggested she received after filing her petition for review. PFR File, Tabs 14, 19. The Office of the Clerk of the Board granted both motions and advised the appellant that no additional materials may be filed without first requesting and receiving leave from the Clerk of the Board. PFR File, Tabs 15, 25. Nevertheless, the appellant's submissions in response to the Clerk of the Board's second order exceeded the scope of that order. IAF, Tabs 26-27; *see* 5 C.F.R. § 1201.114(a)(4). Thus, we have only considered those submissions to the extent they are relevant to the Board's jurisdiction. To the extent that the appellant has sought permission to file additional pleadings that are not clearly related to the question of Board jurisdiction or made up of materials that were previously unavailable, those requests are denied. *E.g.*, PFR File, Tabs 30, 34, 37. Contrary to her argument, the appellant's requested pleading concerning her alleged filing in U.S. district court is not material to the Board's jurisdiction. PFR File, Tab 37.

the administrative judge in his May 13, 2024 Acknowledgement Order and the Board's regulations.  IAF, Tab 2 at 3-4, Tab 8, Tab 33 at 4, 7; *see* 5 C.F.R. § 1201.73(d)(1).  The agency had 20 days from the date of service of the appellant's discovery requests to respond.  5 C.F.R. § 1201.73(d)(2).  The appellant needed to file a motion to compel with the administrative judge within 10 days after the time limit for a response expired if, as she alleges here, no response was received.  5 C.F.R. § 1201.73(d)(3).  However, because the appellant did not file her motion to compel until several months later, on November 1, 2024, it was untimely.  IAF, Tabs 33-34.  Thus, the appellant has not shown the administrative judge abused his discretion when he did not rule on her motion to compel prior to dismissing the appeal.

Additionally, on review the appellant argues the administrative judge abused his discretion when he denied her motion to withdraw her appeal without prejudice as moot and instead dismissed the appeal for lack of jurisdiction.  ID at 5 n.4; PFR File, Tab 1 at 4, 7-9.  As noted above, on November 7, 2024, the same day the initial decision was issued, the appellant filed a motion to withdraw her appeal without prejudice.  IAF, Tab 36.  Although the motion stated that the appellant had decided to withdraw her appeal because, among other things, she was waiting for "discovery records and a reconsideration" from OPM, it also stated that she "wish[ed] to pursue this matter further with the MSPB . . . ."  *Id.* at 4-5.  On review, the appellant initially argues that the administrative judge erred in not dismissing her appeal without prejudice, but she also alleges that she requested to withdraw her appeal due to unusual circumstances, including "intentional . . . failures to produce all discovery requests, failure to confer benefits, [and] reconsideration rights withheld . . . ."  PFR File, Tab 1 at 4, 7-9.  In a subsequent submission on review, the appellant also moves to retract her motion to withdraw her appeal.  PFR File, Tab 27.  An appellant's withdrawal of a Board appeal is an act of finality which removes the appeal from the Board's jurisdiction.  *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010).  A voluntary withdrawal must be

clear, decisive, and unequivocal. *Id.* Because the appellant's request to withdraw her appeal is not unequivocal, we do not find the administrative judge abused his discretion in denying it.

<u>We vacate the administrative judge's decision and find that the Board has jurisdiction over the merits of the appeal.</u>

In general, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS only after OPM has issued a final decision, which typically means a reconsideration decision. *Lua v. Office of Personnel Management*, 102 M.S.P.R. 108, ¶ 8 (2006); *see* 5 U.S.C. § 8461(e) (stating that "an administrative action or order affecting the rights or interests of an individual" under FERS may be appealed to the Board). An individual may request a final decision from an OPM decision advising her of her right to request reconsideration. 5 C.F.R. §§ 841.305(a), 841.306(a), (e). Generally, a final decision "must be in writing, must fully set forth the findings and conclusions of the reconsideration, and must contain notice of the right to request an appeal" with the Board. 5 C.F.R. § 841.306(e). However, when OPM does not inform an appellant of her right to request reconsideration of its decision and does not state its intent to issue a reconsideration decision in its submissions to the Board, the Board will not require a final decision as a prerequisite for Board review. *Powell v. Office of Personnel Management*, 114 M.S.P.R. 580, ¶ 9 (2010); *see Scallion v. Office of Personnel Management*, 72 M.S.P.R. 457, 461 (1996) ("[T]he absence of a reconsideration decision does not preclude Board review of a retirement decision when OPM fails to advise the appellant of his right to request a reconsideration decision, and does not intend to issue any further decision on the appellant's application.").

OPM's February 6, 2024 letter informed the appellant of its decision not to include the period of the appellant's federal service with the Department of Commerce, from October 18, 2010, to June 27, 2015, as creditable service in the calculation of her annuity. IAF, Tab 4 at 10. The letter did not advise her of her

right to either request reconsideration from OPM or appeal to the Board. *Id.* Further, OPM did not state during the proceedings below, and has not indicated on review, that it intends to issue a final decision. Instead, OPM asserts for the first time on review that its February 6, 2024 letter does not constitute a final decision and that it issued final decisions to the appellant on July 11, 2018, March 20, 2019, and March 3, 2020. PFR File, Tab 22 at 5, Tab 28 at 4. However, those decisions are not in the record, and OPM has not otherwise alleged that those decisions informed the appellant that her service with the Department of Commerce from October 18, 2010, to June 27, 2015, was not creditable and would not be included in her annuity calculation, nor that it has previously set forth the basis for that decision. For instance, the July 11, 2018 letter allegedly concerned how OPM calculated her high-3 average salary based on her "dual-retirement" and stated that OPM had chosen the higher of her two salaries, but OPM did not allege that the appellant's October 18, 2010 to June 27, 2015 service was not being considered nor did OPM allege that the letter gave the appellant notice of her right to request reconsideration or to file an appeal with the Board. IAF, Tab 1 at 14. Also, OPM's March 3, 2020 decision allegedly concerned the date the appellant's disability retirement annuity commenced, not the calculation of her annuity. *Id.* There also does not appear to be any information in the record about a March 20, 2019 letter from OPM.

Lastly, although OPM maintains that the appellant has never filed a reconsideration request, we disagree. PFR File, Tab 22. OPM's letters themselves state that since 2018 the appellant has made many inquiries into OPM's calculation of her annuity. *See, e.g.*, IAF, Tab 1 at 6-14, Tab 4 at 10; *see Powell*, 114 M.S.P.R. 580, ¶¶ 2, 7 (interpreting an appellant's attempts to contact OPM regarding its letters finding him ineligible for a deferred annuity as evidence that he was attempting to request reconsideration). Moreover, on April 8, 2024, the appellant submitted a formal reconsideration request to OPM via fax which, although partially redacted in the record, appears to have met OPM's criteria for a request

for reconsideration. PFR File, Tabs 3-7; *see* 5 C.F.R. § 831.109(d) (stating "[a] request for reconsideration must be in writing, must include the individual's name, address, date of birth and claim number, if applicable, and must state the basis for the request."). Yet, as noted above, OPM has not acknowledged the request or indicated that it intends to respond to it or issue a final decision. Thus, based on these circumstances, we find that OPM's February 6, 2024 letter constitutes an appealable final decision and that the Board has jurisdiction to consider the merits of the appellant's claim. *See Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶¶ 15-16 (2014) (finding that OPM effectively abdicated its role of adjudicating the appellant's claim based in part on a 6-year delay, compounded by numerous non-final OPM decisions and administrative errors during that period); *see also Powell*, 114 M.S.P.R. 580, ¶¶ 6-8 (finding an OPM letter denying an application for a deferred annuity sent 3 years before the Board appeal constituted an appealable final decision because it failed to inform the appellant of his right to seek reconsideration and nothing in the record indicated that OPM intended to take further action on the case).

As noted above, the administrative judge did not decide the issue of timeliness in his decision dismissing the appeal for lack of jurisdiction. ID at 1 n.1. When an agency is required to notify an individual of her Board appeal rights, but fails to do so, the agency's failure may constitute good cause for a filing delay. *See Shiflett v. U.S. Postal Service*, 839 F.2d 669, 674 (Fed. Cir. 1988); *Powell*, 114 M.S.P.R. 580, ¶ 11. In such cases, an appellant need not show that she acted diligently in discovering her Board appeal rights; she need only show that she acted diligently in pursuing her Board appeal rights once she discovered them. *Powell*, 114 M.S.P.R. 580, ¶ 11. Here, none of OPM's letters in the record notify the appellant of her Board appeal rights and the deadline to file an appeal with the Board, including, as already established above, the February 6, 2024 decision. *See, e.g.*, IAF, Tab 1 at 6-14, Tab 4 at 10. The appellant's responses to the administrative judge's timeliness order, which she submitted under penalty of

perjury, indicate that she first filed equal employment opportunity complaints on or about February 29, 2024, and April 16, 2024, and that she filed her May 10, 2024 Board appeal within 30 days after not receiving a resolution from the agency.  IAF, Tab 4 at 5, Tab 21 at 4, Tab 24 at 11.  Thus, we find that the appellant has shown good cause for the untimely filing of her appeal.

We therefore remand this appeal for adjudication on the merits.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                   _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.